———o———

EDWARD C. COMFORT v. FRANCIS B. STOCKBRIDGE AND OTIS R. JOHNSON.

*Notice of substitution of attorney.*

Notice of the substitution of an attorney must be duly served upon the opposite attorney before any other proceedings can be taken by the attorney who has been substituted.

Certiorari to Circuit Court Commissioner and County Clerk. Submitted January 17. Decided February 1.

*Severens, Boudeman & Turner* and *H. H. Riley* for plaintiff in certiorari.

*Arthur Brown* for defendants in certiorari.

MARSTON, J. The questions raised in this case depend upon the regularity and effect of the proceedings taken to substitute H. H. Riley as attorney for plaintiff, and the proceedings commenced in his name for a transfer of the cause before notice of such substitution had been served upon the attorneys for defendants.

March 29th an order was entered in the common rule book that H. H. Riley be substituted in the place and stead of Severens, Boudeman & Turner as attorney for plaintiff. This order purported to have been entered and signed by Mr. Riley with the written consent of the attorneys for plaintiff. On the same day an application was made to one of the circuit court commissioners for a transfer of the cause to the circuit court for the county of St. Joseph. This petition set forth the fact that Riley was the attorney for plaintiff and a resident of the county of St. Joseph. An order was made on this petition, fixing a day for the hearing thereof; copies of this petition and order were on the 30th day of March served upon the attorneys for the defendants, and at the same time a notice was served upon them of the substitution of Mr. Riley as attorney for plaintiff.

We are of opinion that the substitution was not complete and did not authorize any proceedings to be taken in the case by or in the name of Mr. Riley until notice of such substitution had been given in the proper manner to defendants' attorneys. To recognize the right of attorneys to interfere with the conduct or management of a cause, upon a mere claim that they had been substituted as attorneys of record, but before notice thereof had been served upon the attorneys of record for the opposite party, would be very likely to create confusion and mischief. Until a substitution has been properly made and notice thereof given, the attorneys for the other party have a right to disregard any steps or proceedings taken in the name of any other than the attorneys of record.

in the case, and until notice of a change has been received they have no means of knowing, and no right to recognize any other as attorney in the conduct and management of the case. The authorities cited in the brief of counsel for defendants we think fully sustain this view.

For these reasons the order transferring the case to Kent circuit must be sustained with costs.

The other Justices concurred.