HENRY GAMBLE v. WILLIAM C. STEVENS, AUDITOR
GENERAL, AND SANFORD BRADSHAW, COUNTY
TREASURER, ETC.

*Taxes—Limitations on boards of supervisors and township boards
in levying—Sale of lands for taxes illegal in part.*

1. A tax of $1,000 voted by the board of supervisors to be included
   in the county tax, to be distributed among and expended by
   the several supervisors for highway purposes, is illegal. *Sage
   v. Auditor General*, 72 Mich. 638.

2. Where a bill is filed to restrain the sale of land for alleged
   illegal taxes, and it is conceded that $1,000 of the county tax
   is illegal, the circuit judge may deduct said illegal tax in mak-
   ing his decree, and allow the remainder of the tax to stand
   against the land.

3. Where no action appears to have been taken at the township
   meeting or by the town board, and none is properly certified
   to the supervisor by the township clerk, authorizing the assess-
   ment of a highway tax, such tax is illegal.

4. It is only on failure of the electors to vote taxes for township
   purposes at the annual meeting that the town board may vote
   the necessary sums for township expenses, and, as a condition
   precedent to such vote, such failure of the electors should be
   made to appear in some way to the township board, and the
   fact of such non-action should be evidenced by their record.

Appeal from Ogemaw. (Simpson, J.) Argued October
18, 1889. Decided December 28, 1889.

Bill to restrain the sale of lands for taxes. Complain-
ant appeals. Decree modified and affirmed. The facts
are stated in the opinion.

*Tarsney & Weadock,* for complainant.

*Devere Hall (D. P. Markey,* of counsel), for defendants.

SHERWOOD, C. J. The bill in this case is filed to

restrain the sale of certain lands owned by complainant, described in the bill, situate in the county of Ogemaw, for taxes assessed against them in 1883 and 1884. It is not claimed that the State and school taxes for either of those years are invalid; but it is insisted by counsel for complainant that the highway, township, and county taxes for both of said years are void, and therefore the relief prayed should be granted as to these, and that the decree at the circuit, which was in favor of the validity of the entire tax for each of said years, except one-thirteenth of the county tax for 1883, and one-eighth for 1884, be modified by deducting all the highway, town, and county taxes for both of said years.

The board of supervisors of Ogemaw county, in each of the years of 1883 and 1884, voted to raise $1,000 for highway purposes, to be distributed among and expended by the supervisors of the several townships. This is conceded to be illegal by counsel for defendants; and the circuit judge deducted the amount, as illegal, in making his decree. When this can be done, as in this case it was done, I can see no objection to it; and the complainant is certainly relieved from the payment of the illegal tax, and his property freed from the lien thereof.

We think the decree is not objectionable on account of the county tax; but, in the case of the highway tax, no action is shown to have been taken by any one, either at the township meeting or by the town board, and none was properly certified to the supervisor by the township clerk. The assessment of highway taxes was unauthorized and illegal.

In regard to the township taxes, none appear to have been voted at the township meeting in either of said years. It is only on failure to do this that the town board may vote the necessary sums for township expenses. Before the town board can act in such cases,

it should be made to appear in some way, and the fact should be evidenced by their record, that the township, at its annual meeting, neglected to vote to raise money for town expenses; and we do not find any proceedings had on the part of the township board in the record which would authorize the assessments made against complainant's property for such purpose, and such assessments are therefore void.[1]

The decree at the circuit court must be modified, for these reasons, and the taxes for township purposes and those for highways must be altogether omitted; and the decree for the collection of the balance will be affirmed, with costs in this Court to complainant.

MORSE, CAMPBELL, and LONG, JJ., concurred. CHAMPLIN, J., did not sit.

---

[1] The record showed that all of the members of the township board were present, and that "it was moved and supported and carried that $400 be spread on said roll for township purposes."