## MICHAEL KELLEY v. WILLIAM H. SIMPSON, CIRCUIT JUDGE OF ALCONA COUNTY.

*Transfer of cause—Substitution of attorney—Mandamus.*

1. Attorneys have no right to interfere in the conduct or management of a cause, upon a claim of substitution, until notice thereof has been served upon the attorneys of record for the opposite party in a proper manner. *Comfort v. Stockbridge*, 38 Mich. 342.

2. Affirmative proof should be made on the hearing of an application for the transfer of a suit, under How. Stat. § 6495, that the judge of the circuit to which the case is transferred is not disqualified to sit under the provisions of said section.

3. It was not intended that the statute for the transfer of cases should be used as an instrument of oppression and hardship, or for the express purpose of one party choosing the particular forum in which to carry on his litigation, to the detriment of his opponent.

4. Where the proceedings for the transfer of a cause are plainly in fraud of the statute, the judge has discretion and authority to deny the application, which he should exercise when the hardship to the opposing party is apparent.

So *held*, where application was made for the transfer of a suit pending in Alpena county, where most of the witnesses resided, to the county of Saginaw, where the substituted attorneys of record for the applicant resided, who signed the application as such attorneys, but had nothing to do with the after proceedings, which were conducted by the original attorney of record, in their names, who procured the affidavits in support of the application, which were sworn to six days before said substitution. It further appeared that the cost of taking witnesses to Saginaw county would be expensive and burdensome, while the county-seats of Alcona and Iosco counties were easily accessible from Alpena county by rail; and the proceeding is held to be so plainly in fraud of the statute, and its use so clearly for the purpose of taking the case to Saginaw, that it ought not to be permitted.

5. For late cases construing the statute for the transfer of causes, see *Stimson v. Shingle Company*, 71 Mich. 374; *Pack v. Circuit Judge*, 74 Id. 28; *Curtis v. Wilcox*, Id. 69; *Fellows v. Canney*, 75 Id. 445.

*Mandamus.* Submitted January 28, 1890. Granted January 31, 1890.

Relator applied for *mandamus* to vacate an order transferring a cause. The facts are stated in the opinion.

*Shields & McNamara,* for relator.

*Hanchett, Stark & Hanchett* and *C. E. Williams,* for respondent.

MORSE, J. This is an application for *mandamus* to vacate an order transferring a cause.

A suit was pending in the Alpena circuit court in which George M. Slusser, judge of probate of Alpena county, for the use and benefit of Michael Kelley, the relator, was plaintiff, and Frank W. Gilchrist was defendant. The attorney of record for the defendant was C. E. Williams. An *ex parte* application was made to Hon. William H. Simpson, judge of the Alcona circuit court, by the defendant, Gilchrist, for a change of venue, for the reason that Judge Kelley, of the Alpena circuit, had been consulted in the subject-matter to be litigated in the cause. It does not appear at what date the application was presented to Judge Simpson, but the order for the hearing of the same was made on November 30, 1889. The hearing was had on December 10, 1889. The application or petition for transfer was not dated, but was signed by Hanchett, Stark & Hanchett, as attorneys for the defendant. There were filed in support of this application the affidavits of Robert J. Kelley, Frank W. Gilchrist, and Henry R. Morse. All these affidavits were sworn to on November 19, 1889. Hanchett, Stark & Hanchett were substituted as attorneys in the stead of C. E. Williams, by his consent, on November 25, 1889. Therefore the initial steps to transfer the cause, by procuring the neces-

sary affidavits, were taken six days before the substitution of attorneys.

Another singular thing appears. Hanchett, Stark & Hanchett have none of them, personally, had anything to do with the proceedings as shown by the papers before us. The application was presented by C. E. Williams, and he also appeared for the defendant on the hearing, stating that he appeared at the request of Hanchett, Stark & Hanchett. He also appears in this Court as the attorney of the respondent, to resist the granting of the writ of *mandamus*. The same C. E. Williams makes affidavit that on December 2, 1889, he served upon J. C. Shields, attorney for the plaintiff, true copies of the application for change of venue, and the affidavits annexed thereto, and also a copy of the order for hearing; and that "at the request of Hanchett, Stark & Hanchett, attorneys for the defendant," at the same time he also served upon said Shields notice of substitution of said Hanchett, Stark & Hanchett, as attorneys for said defendant, in the place and stead of C. E. Williams, defendant's former attorney, together with a copy of the order of substitution entered in the office of the clerk of the Alpena circuit court.

It was held in *Comfort v. Stockbridge*, 38 Mich. 342, where the notice of substitution of attorneys was served, as in this case, upon the opposing attorney at the same time that a copy of the order of hearing was served, in a transfer case like the present, and the proceedings looking towards such transfer had been before that commenced in the name of the substituted attorney, that the proceedings were irregular and void; and that attorneys had no right to interfere in the conduct or management of a cause, upon a claim that they had been substituted, until notice of such substitution had been served upon the attorneys of record for the opposite party, in a

proper manner. This case would be decisive of the one at bar, were it not for the fact that Mr. Shields sets up in the petition for *mandamus* that on November 25, 1889, the same day the order of substitution was made, he received notice of such substitution, and, as it is, it has some bearing in determining this motion.

Upon the hearing, Judge Simpson transferred the cause to Saginaw county, that being the place of residence of Hanchett, Stark & Hanchett, upon the ground that he had no discretion to do otherwise, under the statute (section 6499, How. Stat.), which provides that—

"If any party, or the attorney or solicitor of record of any party, shall be a resident of any county in this State other than the county in which said suit or proceeding is pending, and the judge of the circuit court of such other county shall not be disqualified to sit within the provisions of the first section of this act [section 6495], the said suit or proceeding shall be transferred to the circuit court of the county in which the party, attorney, or solicitor, or one of them, resides, unless the parties thereto shall by stipulation otherwise agree."

It is contended by relator that this order of transfer is void, and should be set aside, upon the following grounds:

1. That the order was made upon the application and affidavits presented, without the introduction of any further proofs whatever.

To this the circuit judge returns that Mr. Shields waived the production of any oral proofs upon the hearing, and consented that the application should be heard and determined upon affidavits. This return disposes of this objection.

2. That the circuit judge did have discretion in the matter, and authority to deny the application, as the petition and accompanying papers did not make out a case for the removal of the cause to Saginaw county, within the intent and meaning of the statute.

3. That there was no proof that either of the circuit

judges of Saginaw county was qualified to sit in the cause, under section 6495 of Howell; that this fact should have affirmatively appeared.

4. That the substitution of Hanchett, Stark & Hanchett was not made in good faith, but for the express purpose of transferral to Saginaw.

It is also urged that this change of venue would be a great wrong and injustice to the plaintiff, the relator being the real plaintiff; that the witnesses nearly all reside in Alpena, and the cost of taking them to Saginaw would be expensive and burdensome; that the county-seats of both Alcona and Iosco counties are easily accessible from Alpena by rail, and it was an abuse of discretion to pass by these circuits, and send the cause to Saginaw for trial.

We think the third reason a good one. Affirmative proof should appear that the judge of the circuit to which the case is transferred is not disqualified, under the statute, to hear the cause.

But we think the facts also warrant the claim made by the relator that the substitution of attorneys in this case was not made in good faith, of which fact the courts should take cognizance. In *Stimson v. Shingle Co.,* 71 Mich. 377, we held that, under the circumstances of that case, it did not matter when or how Mr. Uhl become attorney of record.

"There was no showing    *    *    *    that the spirit of the statute" had been "violated by the selection of Mr. Uhl, for the purpose of removing the cause to Kent county."

But here the proceedings to remove the cause were begun, by the procuring of affidavits, before Hanchett, Stark & Hanchett became attorneys of record, showing that such substitution was an after-thought. No good reason is anywhere shown for such substitution, except to remove the cause to Saginaw; and the fact that C. E. Williams has ever since acted as the attorney in fact of

the defendant, although careful to ostensibly appear each time as the agent of the Saginaw attorneys, satisfies us that no other reason did obtain in such substitution. The spirit and intent of the statute has been violated. It was not intended that this statute should be used as an instrument of oppression and hardship, or for the express purpose of one party choosing the particular forum in which to carry on his litigation, to the detriment of his opponent. If, in this case, the cause can be carried by such means past two county-seats, where other circuit courts are held, without any good reason except the statutory one which the party himself has purposely created, then a case can be thus taken from the most north-easterly county of this State, where both the parties and all the witnesses reside, and the home of all the original solicitors or attorneys of record, to the most south-easterly county. The object of the statute was for the convenience of suitors, and not for their detriment. Such a proceeding as the one before us is so plainly in fraud of the statute, and its use of the statute so clearly for the purpose of taking the case to Saginaw, that it ought not to be permitted. The judge in such a case has discretion and authority to deny the application, and should exercise such discretion when, as in this case, the hardship to the opposing party is apparent.

The writ of *mandamus* will be granted, directing the respondent to vacate the said order of removal, with the costs of this motion against Frank W. Gilchrist, and in favor of relator.

CHAMPLIN, C. J., CAMPBELL and GRANT, JJ., concurred.