WILLIAM H. SIMPSON AND CHARLES R. HENRY v.
ROBERT J. KELLEY, CIRCUIT JUDGE OF
ALPENA COUNTY.

*Transfer of cause.*

An order for the transfer of a cause on account of the disqualification of the circuit judge, to a county in which *neither* of the parties or their attorneys resides, is not warranted by How. Stat. §§ 6499–6502, unless made by agreement of the parties.

*Mandamus.* Submitted May 13, 1890. Granted May 16, 1890.

Relators applied for *mandamus* to vacate an order for the transfer of a cause under How. Stat. §§ 6499–6502. The facts are stated in the opinion.

*Depew & Rutherford,* for relators.
*Alfred Lucking,* for respondent.

LONG, J. The petitioners commenced an action at law in the circuit court for the county of Iosco, against Thomas Bradley, sheriff of said county. All the parties were residents of that county. W. E. Depew, the plaintiffs' attorney, resided in the county of Alpena, and Conely, Maybury & Lucking, the defendant's attorneys, in the city of Detroit, Wayne county. Iosco county is in the twenty-third judicial circuit.

An application was made by these petitioners under the provisions of How. Stat. § 6495 *et seq.*, to Hon. Robert J. Kelley, circuit judge of the twenty-sixth judicial circuit, to transfer said cause from the circuit court for the county of Iosco to the circuit court for the county of Alpena, which is within the twenty-sixth judicial circuit, and the county where plaintiffs' attorney resides, on the ground that William H. Simpson, one of the plaintiffs in that suit, and one of the petitioners here, was circuit judge of the said twenty-third judicial circuit. An application was also made to said Robert J. Kelley, circuit judge, by the defendant, Thomas Bradley, for the same reasons, to remove said cause from the Iosco circuit court to the county of Wayne, where the attorneys for the defendant reside. Both applications were brought on for hearing before Judge Kelley at the same time, at the city of Alpena, on January 7, 1890. W. E. Depew appeared for the plaintiffs, and Mr. Lucking, of the firm of Conely, Maybury & Lucking, appeared for the defendant, and thereupon testimony was taken concerning each of said petitions. After hearing the proofs, Judge Kelley made an order transferring said cause from the circuit court for the county of Iosco to the circuit court for the county of Bay.

The proofs in the cause showed that the plaintiffs and defendant resided in the county of Iosco; that the plaintiffs' attorney resided in the county of Alpena, and the defendant's attorneys resided in the county of Wayne. None of the parties resided in the county of Bay. The proofs also showed that Judge Kelley was not disqualified by How. Stat. § 6495, to hear and try the cause, and it is admitted on the hearing here that the circuit judge of Bay county was not disqualified to hear and try said cause by the section of the statute above cited, and it was also shown that none of the judges of the county of

Wayne were so disqualified to hear and try it. It also appeared that the defendant, Thomas Bradley, was but a nominal party to the suit, and that the real defendants in interest were Henry P. Baldwin, 2d, Strong, Lee & Co., Henry A. Newland, and others, of Detroit, and John C. Cram, of Au Sable, Iosco county; that the plaintiffs had about 20 witnesses who resided at Au Sable and Oscoda, who were material and necessary witnesses on the trial of the cause; that the defendant had about 20 witnesses who resided at Detroit and other points still further from the place of trial, who were material and necessary witnesses on the trial for defendant; that the distance by the usual traveled route from Tawas City, the county-seat of Iosco county, to Alpena, is about 73 miles; that the distance from Au Sable, by such route, to Alpena, is about 60 miles; that the distance from Tawas City to Bay City, the county-seat of Bay county, by the usual traveled route, is about 83 miles; that the distance from Detroit to Bay City is about 108 miles; that the distance from Detroit to Alpena, by such route, is about 264 miles.

The respondent, in answer to an order from this Court to show cause why the order made by him on January 7, 1890, transferring said cause to the circuit court for the county of Bay, should not be set aside, says:

" On the facts presented, I determined that it would be inequitable, and a great hardship upon the defendants, to be compelled to come to Alpena county for trial; and also from the showing aforesaid that it would be a like hardship, occasioning delay and unnecessary expense to the plaintiffs, to have said cause transferred to Wayne county, where the circuit court is overburdened with business, and opportunity for speedy trial uncertain and expensive. Bay county is nearly midway between Au Sable and Detroit, and more convenient of access to all the parties, witnesses, and attorneys than any county outside of the twenty-third judicial circuit. I made such order without

the stipulation or consent of either of the parties to said cause, or their attorneys, and against the wish of said plaintiffs."

It is claimed by the attorneys for the petitioners that, under the statute above referred to, the circuit judge had no power or authority to transfer said cause to any county except the county of Alpena or the county of Wayne, being the counties in which the attorneys of the respective parties resided. How. Stat. § 6499, provides that—

"If any party, or the attorney or solicitor of record of any party, shall be a resident of any county in this State other than the county in which said suit or proceeding is pending, and the judge of the circuit court of such other county shall not be disqualified to sit, within the provisions of the first section of this act, the said suit or proceeding shall be transferred to the circuit court of the county in which the party, attorney, or solicitor, or one of them, resides, unless the parties thereto shall by stipulation otherwise agree; and, in case of such agreement, the order on such transfer shall be in accordance therewith."

In *Kelley v. Circuit Judge*, 79 Mich. 392, it appeared that the attorneys for the petitioner making the application for the transfer had been substituted in place of the attorney of record, for the purpose of the removal, and (at p. 397) it was said:

"It was not intended that this statute should be used as an instrument of oppression and hardship, or for the express purpose of one party choosing the particular forum in which to carry on his litigation, to the detriment of his opponent."

In that case, however, the order removed the cause to the county where the substituted attorneys resided. In the present case the county to which the removal is ordered is not the place of residence of either of the parties or of their attorneys. There is no warrant found in this statute for the order made. The statute is explicit that the—

" Suit or proceeding shall be transferred to the circuit court of the county in which the party, attorney, or solicitor, or one of them, resides."

This statute cannot be enlarged by the construction contended for. The order made was based upon the conclusion reached by the circuit judge from the showing made that it would be a convenience for the parties and their witnesses, on account of residence, to transfer the cause to Bay county. It is admitted by the return that there was no stipulation or agreement that the cause should be removed to that county, and it appears that it was made against the wishes of the plaintiffs.

The circuit judge, in making this order, evidently had in mind the power conferred upon the circuit courts by How. Stat. § 7547. That section, after defining where certain actions shall be tried, provides for a transfer of certain actions to another county. By subdivision 2 it is provided:

" Actions of slander, for libels, and all other actions for wrongs, and upon contracts, shall be tried in the county where one of the parties shall reside at the time of commencing such action, unless the court shall deem it necessary for the convenience of parties and their witnesses, or for the purposes of a fair and impartial trial, to order any such issues to be tried in the county so designated."

Under the provisions of this section, it is manifest that the application could not be made for such transfer to any other circuit court than where the cause was then pending. Here the applications are made to a circuit judge, and as such he could not take warrant from this statute to make the order. It can only be made by the court and of the county where the suit is pending. If a circuit judge could make an order transferring a cause for the convenience of parties and their witnesses, when application to transfer is made for the reasons mentioned

in sections 6495 *et seq.*, then a circuit court commissioner would be clothed with the same power and authority over cases, as the application to transfer may be made to a commissioner as well as to a circuit judge, under these sections. The order was not made by the court, but by a judge of another circuit than that, in which the suit was pending.

It is urged upon us that the writ of *mandamus* is not a writ of right, and it appearing that if Judge Kelley should make an order transferring the cause to the county of Alpena, being the county in which he sits as circuit judge, he could then, upon an application properly made, transfer the cause, for the convenience of the parties and witnesses, to the county of Bay, and that having the cause now before him, and it appearing for the convenience of parties and witnesses that the suit should be transferred to Bay county, the order should not be disturbed. But the order was made without any authority of law, and as circuit judge, and especially of another circuit, he had no power to transfer for a cause stated in the order.

The writ of *mandamus* must issue as prayed.

The other Justices concurred.