HANSLOVSKY *v.* TOWNSHIP OF LELAND.

1. TOWNSHIPS—TOWNSHIP BOARD—POWERS.
    A township is a municipal corporation, an instrumentality of the State for purposes of local government, whose board is a body of special and limited jurisdiction.

2. SAME—AUTHORITY—STATUTES.
    No organized township has any power or authority except that prescribed by law.

3. SAME—ELECTORS' NEGLECT TO VOTE MONEY FOR EXPENSES.
    Before township officers may borrow money, it must affirmatively appear from the records that the electors of the township, at the annual township meeting, neglected to vote to raise money for township expenses (1 Comp. Laws 1929, § 1052).

4. SAME—SUPERVISOR AS AGENT.
    The supervisor is the agent of the township for the transaction of all legal business (1 Comp. Laws 1929, § 1004).

5. SAME—OFFICERS—BORROWING MONEY.
    Township officers, having no power to bind the township generally, may borrow money only when expressly authorized to do so (1 Comp. Laws 1929, § 1052).

6. SAME—NOTES—MONEY HAD AND RECEIVED—OFFICERS—AUTHORITY.
    In action of assumpsit by receiver of bank which had loaned money to township and received notes therefor signed by township clerk and treasurer but not by supervisor and township records do not affirmatively show the electors neglected to vote money to defray township expenses, recovery on the notes is denied, since there was lack of authority to execute the notes and lack of proper execution and recovery on the common counts is denied as a township cannot be held liable on an implied contract for money had and received where officers who procured it were without authority to do so (1 Comp. Laws 1929, §§ 1004, 1052).

Appeal from Leelanau; Gilbert (Parm C.), J. Submitted October 13, 1937. (Docket No. 113, Calendar No. 39,631.)  Decided November 10, 1937. Rehearing denied December 15, 1937.

Assumpsit by Julius A. Hanslovsky, receiver for the Leelanau County Savings Bank of Suttons Bay, Michigan, against Township of Leland on promissory notes. Verdict for defendant. Judgment for plaintiff *non obstante veredicto*. Defendant appeals. Reversed and judgment ordered entered for defendant.

*Meggison & Menmuir*, for plaintiff.

*Emelia Schaub*, for defendant.

POTTER, J.  Plaintiff, as receiver of the Leelanau County Savings Bank, sued defendant, counting specially on two promissory notes of $1,000 each which the Leelanau County Savings Bank acquired from the Bank of Lake Leelanau. Defendant denied the notes were executed by its authorized agents and gave notice they were unauthorized; and plaintiff took them subject to the infirmities therein. Attached to defendant's answer was an affidavit denying the notes were executed by its authorized agents. On the trial, defendant showed it did not appear from the records of the township board the electors of the township, at the annual township meeting, neglected to vote the money necessary to defray the ordinary township and emergency expenses thereof. The notes were signed by the clerk and treasurer of the township and not by the supervisor. Plaintiff sought to show the notes were authorized by a resolution of the township board, but the minutes of the township board did not show such resolution was

carried. Plaintiff sought to supplement the record by parol testimony. During the trial, plaintiff amended his declaration, without objection, by adding thereto all the common counts in assumpsit. At the conclusion of plaintiff's testimony and again at the conclusion of all the testimony, defendant moved for a directed verdict on the ground the notes were not authorized; it did not appear the township officers executing the same acted within the scope of their authority; plaintiff took the notes subject to all infirmities inherent therein; and for other reasons. The court overruled these motions and submitted the case to the jury in a charge, with which no fault is found, solely upon the proposition whether plaintiff had a right to recover on the notes, and the jury found a verdict for defendant. Whereupon plaintiff made a motion for judgment notwithstanding the verdict. In disposing of this motion, the trial court said:

"The court holds that the jury having found a verdict of no cause of action, it is consistent with such verdict that the jury found certain action of the township board authorizing the execution of the notes in question was never taken. That is to say, the township records indicate that at a certain meeting of the township board a motion was made and supported that such notes be executed, but the record does not show that such motion was carried. The only proof of it was oral testimony, and it was a question of fact for the jury to decide whether such motion was in fact ever adopted.

"If we respect the verdict of the jury upon this point, there remains no actual authority for the execution of the notes by anyone authorized to bind the township, and that being true, the notes could never become valid, or be a valid obligation against the township, and so far as the notes themselves are

concerned, the court so holds—that there can be no recovery upon them.

"Upon the question of right to recovery on assumpsit, on the common counts, it would appear just and equitable that the township, having received the benefit of the funds delivered to it and having had access to and control of the same from the time of the execution of the notes down to the time the bank closed, a period of some five or six months, that the township cannot now successfully deny liability. * * *

"This matter was not submitted to the jury—that is, the right to recovery upon the common counts but the court is of the opinion, and so holds that even if submitted to the jury, it would have been the duty of the court to instruct the jury to render a judgment upon the common counts in favor of the plaintiff. And judgment is so ordered at the present time."

The right of the receiver to recover on the notes under the first count in the declaration was denied and a judgment of no cause of action entered thereon. But judgment was entered for plaintiff against defendant on the common counts in assumpsit, and defendant alone appeals.

The only question before this court is whether plaintiff may have judgment on the common counts in assumpsit.

A township is a municipal corporation, an instrumentality of the State for the purposes of local government. The township board of a township is a body of special and limited jurisdiction. No organized township has any power or authority except that prescribed by law. The jury decided the notes in question were not given in pursuance of any authority conferred upon the township officers executting the same either by statute or by a vote of the

electors of the township. Under the law, before township officers may borrow money, it must affirmatively appear from the records the electors of the township, at the annual township meeting, neglected to vote to raise the money for township expenses. Township authorities have no right to borrow money in the absence of such a showing. *Gamble* v. *Stevens, Auditor General,* 78 Mich. 302; *Newaygo County Manfg. Co.* v. *Echtinaw,* 81 Mich. 416. The township treasurer in this case gave the notes. But, under 1 Comp. Laws 1929, § 1052, the supervisor and the clerk are the only persons who may borrow money, the supervisor being the agent of the township for the transaction of all legal business. 1 Comp. Laws 1929, § 1004; *Hall* v. *Dickinson,* 204 Mich. 545; *Feily* v. *Bay View Campground Ass'n of the Methodist Episcopal Church,* 210 Mich. 197.

Township officers have no power or authority to bind the township generally. They may borrow money only when expressly authorized to do so. To hold the defendant liable in this case would be to disregard all the limitations upon the power and authority of the township officers prescribed by law to bind the township. *McCurdy* v. *County of Shiawassee,* 154 Mich. 550; *Stratton* v. *City of Detroit,* 246 Mich. 139. Defendant cannot be held liable on an implied contract to pay for money had and received, and the judgment entered by the trial court must be reversed and the case remanded for entry of judgment for defendant, with costs.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Chandler, JJ., concurred.