BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF THE
CITY OF DETROIT v MICHIGAN BELL TELEPHONE COMPANY

Docket No. 55904. Argued April 10, 1975 (Calendar No. 15).—
Decided September 8, 1975. Rehearing denied 395 Mich 911.

The Detroit Board of Education petitioned to vacate certain plats
and an alley in order to facilitate construction of additions to a
school. Defendants Michigan Bell Telephone Company and The
Detroit Edison Company answered the petition claiming that
under the plat act they were entitled to retain easements
reserved in the alley for their facilities or alternatively to be
compensated for the cost of relocation. The Wayne Circuit
Court, Edward F. Bell, J., held that the board was required to
pay compensation. The Court of Appeals, Danhof, P. J., and
J. W. Fitzgerald and Walsh, JJ., affirmed (Docket No. 14220).
Plaintiff appeals. *Held:*

1. A school district is a type of municipal corporation, but it
is not a "municipality" within the meaning of the plat act nor
is the board a "governing body" permitted by the plat act to
petition for vacation or alteration of a plat. It is agreed that
the board is a "proprietor" of the alley and adjoining land
within the meaning of the act.

2. The board *does* not have "police power by necessity" under
the "do all other things" and the "do anything whatever"
language of the School Code of 1955.

3. Consideration of the question whether relocation without
compensation can be required by a governmental authority in
any circumstances is deferred to a case where disposition
requires determination of that issue.

51 Mich App 488; 215 NW2d 704 (1974) affirmed.

1. SCHOOLS AND SCHOOL DISTRICTS—PUBLIC UTILITIES—RELOCATION—
   COMPENSATION.

A school district has not been empowered by the Legislature to

REFERENCES FOR POINTS IN HEADNOTES

[1,3] 68 Am Jur 2d, Schools §§ 15–19, 67 *et seq.*

[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 13.

68 Am Jur 2d, Schools § 50 *et seq.*

require a public utility to relocate its facilities without compensation.

2. Schools and School Districts—Municipal Corporations—Plat Act—"Municipality"—"Governing Body".

A school district is a type of municipal corporation but it is not a "municipality" within the meaning of the plat act, nor is the school board a "governing body" as defined in the act (MCL 560.2).

3. Schools and School Districts—Police Power—Public Utilities —Statutes.

The powers of a board of education under the "do all other things" and the "do anything whatever" language of the School Code do not include a "police power by necessity" to require public utilities to relocate their facilities without compensation (MCL 340.192).

*Riley & Roumell* (by *George T. Roumell, Jr., Thomas M. J. Hathaway* and *John F. Brady*), for plaintiff.

*Jack H. Shuler, Donald C. Brown, Werner M. Killen* and *Butzel, Long, Gust, Klein & VanZile* (*John L. Vanker,* of counsel), for defendant Michigan Bell Telephone Company.

*Fischer, Franklin & Ford* (by *George Hogg, Jr.* and *Francis E. Bentley*), for defendant The Detroit Edison Company.

Per Curiam. In 1962, the Detroit Board of Education filed a petition in the circuit court to vacate certain plats and an alley in order to facilitate construction of additions to a school. Defendants Michigan Bell Telephone Company and The Detroit Edison Company answered the board's petition claiming that under the provisions of the plat act they were entitled to retain easements

reserved in the alley for their facilities or alternatively to be compensated for the cost of relocation.[1]

The circuit court held that the board was required to pay compensation and the Court of Appeals affirmed. 51 Mich App 488; 215 NW2d 704 (1974).

We affirm. There is no need to decide whether a public utility, under these or other circumstances, is obliged to relocate its facilities without compensation at the behest of a governmental authority.[2] A school district has not been so empowered by the Legislature.

The board relies on the "do all other things" and the "do anything whatever that may advance the interests of education" language of the School Code of 1955 to support its broad police powers claim:

"Said board shall have power to purchase, lease, and take by the right of eminent domain all property, erect and maintain or lease all buildings, employ and pay all persons, and *do all other things in its judgment necessary for the proper establishment, maintenance, management and carrying on of the public schools* and for the protection of other property of the school district, and *to do anything whatever that may advance the interests of education, the good government and prosperity of the free schools in said city,* and the welfare of the public concerning the same, and it shall have authority to adopt bylaws, rules and regulations for its own government and for the control and government of all schools, school property and pupils. If property is sought to be taken by eminent domain, such proceed-

[1] When the action was commenced MCLA 560.62; MSA 26.492 of the plat act was in effect. A stipulation and order allowed the continuation of construction pending resolution. The Subdivision Control Act, MCLA 560.101 *et seq.;* MSA 26.430(101) *et seq.,* has superseded the plat act.

[2] *See,* VanAlstyne, *Taking or Damaging by Police Power: The Search For Inverse Condemnation Criteria,* 44 So Cal L Rev 1, 51–56 (1971) and Sax, *Taking and Police Power,* 74 Yale L J 36, 67 (1964).

ings may be brought under the terms of Act No. 149 of
the Public Acts of 1911, as amended, being sections
213.21 to 213.41 of the Compiled Laws of 1948, or any
other appropriate state law." MCLA 340.192; MSA
15.3192 (emphasis added).

The board also relies on the following provisions
of the plat act in effect at the time the board
originally filed its petition:

"If any proprietor of part of a plat or the governing
body of any municipality who consider it necessary or
advisable * * * [for any of several listed reasons it may]
petition the circuit court * * * to alter or vacate, or to
correct or revise." MCLA 560.60; MSA 26.490.

A proprietor is defined as follows:

"The word 'proprietor,' when used in this act, shall be
deemed to include the plural as well as the singular
and may mean either a natural person, firm, associa-
tion, partnership, corporation or a combination of any
of them." MCLA 560.2; MSA 26.432.

The board asserts, and the utilities concede, that
the board is the proprietor of the alley and the
adjoining property. We agree with the utilities
that the board is not a "governing body" within
the meaning of the plat act.

"The words 'governing body,' as used in this act, shall
be deemed to apply to and describe the township board
of any township or the legislative body of any city or
village as the case may be.
"The word 'municipality,' as used in this act, shall
mean a township, city or village as the case may be."
MCLA 560.2; MSA 26.432.

While a school district is a type of municipal

corporation, *School Dist No 4 of Marathon Twp v Gage,* 39 Mich 484 (1878); *Attorney General ex rel McRae v Thompson,* 168 Mich 511; 134 NW 722 (1912); *Hall v Ira Twp,* 348 Mich 402; 83 NW2d 443 (1957), it is not a "municipality" within the meaning of the statute. Nor is the board a "governing body" as defined in the plat act. The "governing body" of the City of Detroit is the Common Council.

The board urges an expansive interpretation of its power under the "do all other things" and the "do anything whatever" language of the School Code. It contends that it should be accorded the power to require relocation of utilities without compensation because of the high priority that should be given school construction. We decline to accord the board "police power by necessity".

We defer consideration of the question whether relocation without compensation can be required by a governmental authority in any circumstances to a case where disposition requires determination of that issue.

Affirmed. No costs, a public question.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred.

SWAINSON, J. W. FITZGERALD, and LINDEMER, JJ., took no part in the decision of this case.