CENTRAL ADVERTISING COMPANY v DEPARTMENT OF
TRANSPORTATION

Docket No. 93799. Submitted June 4, 1987, at Lansing. Decided
September 8, 1987.

Petitioner, Central Advertising Company, sought a permit from
respondent, Michigan Department of Transportation, to erect a
sign within five hundred feet of the Grange Road interchange
on I-96. The sign would be located in the Village of Eagle,
however, I-96 at the Grange Road interchange is located in
Eagle Township. The Department of Transportation denied the
permit on the basis of the provision of the Highway Advertising
Act which prohibited the erection of signs within five hundred
feet of an interchange "[a]long interstate highways and free-
ways located outside of incorporated municipalities," claiming
that, since Eagle Township was not a charter township, it was
not an incorporated municipality within the meaning of the
statute and thus the statutory prohibition applied. Petitioner
petitioned for a hearing, claiming that a nonchartered town-
ship is an incorporated municipality within the meaning of the
statute and that, in any event, it is the location of the sign, not
the location of the highway, that controls. The hearing officer
determined that nonchartered townships are not incorporated
municipalities within the meaning of the statute and that the
location of the highway controlled and, accordingly, upheld the
denial of the permit. Petitioner appealed to the Michigan State
Transportation Commission, which upheld the hearing officer's
determination. Petitioner then sought review in Ingham Circuit
Court. The circuit court, Thomas L. Brown, J., affirmed the
decision of the Transportation Commission. Petitioner appealed
to the Court of Appeals.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Advertising §§ 24 *et seq.*

Am Jur 2d, Statutes §§ 142 *et seq.*

Supreme Court's view as to weight and effect to be given, on
subsequent judicial construction, to prior administrative construc-
tion of statute. 39 L Ed 2d 942.

Municipal power as to billboards and outdoor advertising. 58
ALR2d 1314.

1. Since the facts were stipulated and the only questions related to the interpretation and application of the statutory provision, the proper standard for judicial review of the administrative determination is whether that determination constituted a substantial and material error of law.

2. The term "incorporated municipalities" as used in the Highway Advertising Act includes chartered townships but does not include nonchartered townships. Accordingly, Eagle Township is not an incorporated municipality within the meaning of the act.

3. The statute clearly provides that the prohibition applies where the highway or freeway is located outside an incorporated township. Since the portion of I-96 in question is located in Eagle Township, a nonchartered township, the statutory provision applies, even though the sign itself would be located in the Village of Eagle.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION — UNDEFINED TERMS — LEGISLATIVE INTENT.

A court, in construing an undefined term in a statute, must interpret the language in a manner consistent with reason; it is proper under such circumstances for the court to resort to external sources and consider any factors which would aid the court in determining legislative intent.

2. HIGHWAYS — HIGHWAY ADVERTISING ACT — INCORPORATED MUNICIPALITIES — TOWNSHIPS.

The term "incorporated municipalities" as used in the Highway Advertising Act includes chartered townships but does not include a township which is not chartered (MCL 252.317[5]; MSA 9.391[117][5]).

3. HIGHWAYS — HIGHWAY ADVERTISING ACT — INTERSTATE HIGHWAYS — FREEWAY INTERCHANGES.

It is the location of the interstate highway or freeway, not the location of the sign, which determines whether the prohibition contained in the Highway Advertising Act against having a sign within five hundred feet of an interchange is applicable; accordingly, the prohibition is applicable where the interstate highway or freeway is located outside of an incorporated municipality even if the proposed sign will be located within an incorporated municipality (MCL 252.317[5]; MSA 9.391[117][5]).

*Hubbard, Fox, Thomas, White & Bengston, P.C.*

(by *Thomas A. Bengston* and *Peter A. Teholiz*), for petitioner.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Charles C. Schettler, Jr.*, Assistant Attorney General, for respondent.

Before: D. F. WALSH, P.J., and CYNAR and R. L. TAHVONEN,* JJ.

CYNAR, J. Petitioner, Central Advertising Company, appeals as of right the June 20, 1986, circuit court order which affirmed the decision of the Michigan State Transportation Commission. The commission, in its finding, sustained the determination of the hearing officer denying petitioner's request to erect a billboard. We affirm.

On January 15, 1985, petitioner entered into a ten-year lease with the Village of Eagle for the construction and maintenance of an outdoor advertising structure (sign) to be built on the southwest corner of the I-96 and Grange Road interchange in the Village of Eagle. The sign was to be located about five hundred feet west of Grange Road and on the south side of I-96.

Petitioner applied for a permit with the Michigan Department of Transportation Utilities and Permits Division to erect, use and maintain the sign. Petitioner's application was denied on March 4, 1985, on the grounds that the proposed sign placement violated § 13(1)(d) and § 17(5) of the Highway Advertising Act (HAA), MCL 252.313(1)(d); MSA 9.391(113)(d) and MCL 252.317(5); MSA 9.391(117)(5), respectively.

As a result of the permit denial, on April 17, 1985, petitioner timely filed a petition for a hear-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ing before a hearing officer. The hearing took place on June 3, 1985. At the hearing, the parties stipulated that petitioner sought a permit for the construction of a sign within five hundred feet of the I-96/Grange Road interchange, that the portion of I-96 involved was located in Eagle Township and that I-96 abutted the physical boundary of the Village of Eagle. Finally, the parties stipulated that the sole dispute involved the interpretation of § 17(5) of the HAA.

The manager of the permits section of the Utilities and Permits Division of the Michigan Department of Transportation, Thomas Hawley, indicated that the MDOT did not consider Eagle Township to be an "incorporated municipality" as defined in § 17(5), since Eagle Township was not a chartered township. Petitioner contended that an "incorporated municipality" should be construed as encompassing nonchartered townships as well as villages, cities, and chartered townships. Further, petitioner urged the hearing officer to read the statute as intending to focus on the location of the sign within or outside of the "incorporated municipality" rather than the location of a highway.

In an opinion dated August 14, 1985, the hearing officer affirmed the MDOT's denial of petitioner's permit. Citing MCL 42.1 et seq.; MSA 5.46(1) et seq., the hearing officer concluded that Eagle Township was not an "incorporated municipality," since it did not have a charter nor was it listed on the Secretary of State's list of chartered townships. Because I-96 was located outside an incorporated municipality, the hearing officer concluded that petitioner's sign location violated § 17(5).

On August 23, 1985, petitioner timely appealed the hearing officer's order to the Michigan State Transportation Commission. In a November 19, 1985, letter, a five-member panel of the commis-

sion unanimously affirmed the hearing officer's decision. Thereafter, petitioner appealed to the Ingham Circuit Court, which affirmed the commission's decision on June 9, 1986. The instant appeal ensued.

The sole issue before the Court is whether the circuit court erred in affirming the commission's interpretation of § 17(5) of the HAA.

Initially, we must decide the standard by which we will review the issue before us. Petitioner contends that the standard of review is whether the MDOT's construction of § 17(5) was supported by competent, material and substantial evidence on the whole record. MCL 24.306(1)(d); MSA 3.560(206)(1)(d). Respondent, on the other hand, argues that the standard is whether the circuit court's decision is "(a) [i]n violation of the constitution or a statute," or "(f) [a]ffected by other substantial and material error of law." MCL 24.306(1)(a) and (f); MSA 3.560(206)(1)(a) and (f).

The HAA, MCL 252.323(3); MSA 9.391(123)(3), states that a decision under the act is subject to judicial review as provided in 1969 PA 306, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* MCL 24.306; MSA 3.560(206) provides:

> (1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:
> (a) In violation of the constitution or a statute.
> (b) In excess of the statutory authority or jurisdiction of the agency.
> (c) Made upon unlawful procedure resulting in material prejudice to a party.
> (d) Not supported by competent, material and substantial evidence on the whole record.

(e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.

(f) Affected by other substantial and material error of law.

(2) The court, as appropriate, may affirm, reverse or modify the decision or order or remand the case for further proceedings.

The proper standard of review in this case is subsection (f), since the parties stipulated to the essential facts necessary for a disposition of this case. In other words, the question is one of law. Hence, subsection (f) applies. See *General Motors Corp v Bureau of Safety & Regulation,* 133 Mich App 284, 288; 349 NW2d 157 (1984); Const 1963, art 6, § 28; *Ron's Last Chance, Inc v Liquor Control Comm,* 124 Mich App 179, 181-182; 333 NW2d 502 (1983). "The construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons." *Magreta v Ambassador Steel Co (On Rehearing),* 380 Mich 513, 519; 158 NW2d 473 (1968).

With these principles in mind, we turn to the construction of § 17(5), MCL 252-317(5); MSA 9.391(117)(5), which provides:

Along interstate highways and freeways located outside of incorporated municipalities, a sign structure shall not be permitted adjacent to or within 500 feet of an interchange, an intersection at grade or a safety roadside rest area. The 500 feet shall be measured from the point of beginning or ending of pavement widening at the exit from, or entrance to, the main-traveled way.

The rules of statutory construction were concisely stated in *Nicholas v Michigan State Employ-*

*ees Retirement Bd,* 144 Mich App 70, 74; 372 NW2d 685 (1985):

> (1) when a statute is unambiguous, further construction is to be avoided; (2) if an ambiguity exists, the intent of the Legislature must be given effect; (3) a construction which best accomplishes the statute's purpose is favored; (4) statutes are to be interpreted as a whole and construed so as to give effect to each provision; (5) specific words in a statute are given their ordinary meaning unless a different interpretation is indicated; and (6) respectful consideration is to be given to the construction of a statute used by those charged with its application.

The term "incorporated municipalities" as used in § 17(5) is not defined in the statute. To resolve a perceived ambiguity, a court will look to the object of the statute, the evil or mischief which it is designed to remedy, and will apply a reasonable construction which best accomplishes the statute's purpose. *R & T Sheet Metal, Inc v Hospitality Motor Inns, Inc,* 139 Mich App 249, 253-254; 361 NW2d 785 (1984), lv den 422 Mich 944 (1985); *Santia v Bd of State Canvassers,* 152 Mich App 1, 5; 391 NW2d 504 (1986). In construing an undefined term in a statute, we must interpret the language in a manner consistent with reason, and it is proper to resort to external sources and consider any factors that would aid the court in determining legislative intent. See *Sergeant v Kennedy,* 352 Mich 494; 90 NW2d 447 (1958); *Stover v Retirement Bd of the City of St Clair Shores Firemen & Police Pension System,* 78 Mich App 409; 260 NW2d 112 (1977), lv den 402 Mich 879 (1978).

In *Goethal v Kent Co Supervisors,* 361 Mich 104, 112; 104 NW2d 794 (1960), our Supreme Court

stated that "the power to provide for the incorporation of municipalities rests in the legislature of the state, subject to constitutional provisions designed to afford the rights and privileges of home rule government."

Const 1963, art 7, § 1 provides that "[e]ach organized county shall be a body corporate with powers and immunities provided by law." An organized township is a "body corporate." Const 1963, art 7, § 17. However, a "body corporate" is not necessarily a municipal corporation, since a township must incorporate as a chartered township as set forth in MCL 42.1, 42.2; MSA 5.46(1), 5.46(2). Those provisions allow for incorporation when a majority of the electors vote in favor of incorporation or adoption of a charter by the electors or one granted by the Legislature. Once a township incorporates as a charter township, it is deemed a municipal corporation. MCL 42.1; MSA 5.46(1).

We conclude that the term "incorporated municipalities" as used in the HAA includes chartered townships but does not include townships which are not chartered. As the Supreme Court stated in *Gallup v Saginaw,* 170 Mich 195, 201-202; 135 NW 1060 (1912):

> We are unable to conceive of a valid municipal corporation without a charter, or a municipal charter without a corporation; a combination of the two makes the corporation, and framing or revising the charter is part of the necessary process of incorporating a city.

In this case, since Eagle Township did not have a charter, nor was it listed on the Secretary of State's list of chartered townships, Eagle Township is not an "incorporated municipality" for the purposes of the HAA. We believe this construction of

"incorporated municipalities" best achieves the Legislature's intent, since the Legislature adopted a procedure in MCL 42.1 *et seq.*; MSA 5.46(1) *et seq.*, by which unincorporated townships could establish incorporated status.

Petitioner's reference to *Hanslovsky v Leland Twp,* 281 Mich 652, 655; 275 NW 720 (1937), and *Roosevelt Park v Norton Twp,* 330 Mich 270, 273; 47 NW2d 605 (1951), does not change our interpretation of § 17(5). The above cases essentially held that a township is a municipal corporation "for the purposes of local government." However, a municipal corporation under the general law of the state is not necessarily a municipality under a specific statute. See *Detroit Bd of Ed v Michigan Bell Telephone Co,* 395 Mich 1, 4-5; 232 NW2d 633 (1975), reh den 395 Mich 911 (1975).

By the use of the term "incorporated municipalities," the Legislature intended to include chartered townships but did not intend to include nonchartered townships. Hence, we find no error in the hearing officer's interpretation of § 17(5).

Petitioner also argues that the location of a sign outside of an incorporated municipality, and not the location of a highway or freeway, triggers the application of § 17(5). We do not agree.

The first sentence of § 17(5) clearly states that it is the location of the highways and freeways located outside of an incorporated municipality that brings § 17(5) into play. Had the Legislature intended the result suggested by petitioner, it would have so provided. This Court will not impose a meaning on a statutory provision which is contrary to the plain language of the statute. *Saugatuck v Saugatuck Twp,* 157 Mich App 52, 58; 403 NW2d 100 (1987).

Affirmed.