FOSTER v STEIN

Docket No. 117682. Submitted December 15, 1989, at Detroit. Decided April 16, 1990.

In a child custody dispute arising out of a surrogate parenting contract, petitioners, Patricia Foster and Brent Foster, brought an action in the Oakland Circuit Court against respondent, Michael Stein, seeking an order of habeas corpus regarding Andrew Hyde Stein, the minor child. The trial court, John N. O'Brien, J., determined that it had jurisdiction over the matter under the Uniform Child Custody Jurisdiction Act and then granted respondent's motion for summary disposition after declining to exercise jurisdiction, because a prior action regarding the custody of the minor child was then pending in the State of Florida. The action pending in Florida was an appeal from adoption proceedings. Petitioners appealed.

The Court of Appeals *held:*

1. The trial court did not err in refusing to exercise jurisdiction since an appeal from adoption proceedings was pending in Florida.

2. Adoption proceedings are included in the definition of a "custody proceeding" under the UCCJA and Michigan's version of the act because they are in the nature of a dependency proceeding.

Affirmed.

1. ADOPTION — CUSTODY PROCEEDINGS — UNIFORM CHILD CUSTODY JURISDICTION ACT.

Adoption proceedings are included in the definition of a "custody proceeding" under the Uniform Child Custody Jurisdiction Act and Michigan's version of the act (MCL 600.652[c]; MSA 27A.652[c]).

2. PARENT AND CHILD — CHILD CUSTODY — JURISDICTION — UNIFORM CHILD CUSTODY JURISDICTION ACT.

A court of this state is precluded from exercising jurisdiction in a

REFERENCES

Am Jur 2d, Adoption §§ 49-51; Infants §§ 33-36, 38.

Validity, construction, and application of Uniform Child Custody Jurisdiction Act. 96 ALR3d 968.

child custody dispute where at the time of filing the petition a proceeding concerning the custody of the child is pending in a court of another state exercising jurisdiction substantially in conformity with the Uniform Child Custody Jurisdiction Act unless temporary action by a court of this state is necessary because the child has been subjected to or threatened with abuse or mistreatment or is otherwise neglected or dependent or because the proceeding in the foreign state has been stayed to allow this state's court to exercise jurisdiction; "pending" includes the situation where the foreign court's custody determination is on appeal (MCL 600.656[1]; MSA 27A.656[1]).

*Victor, Robbins & Bassett* (by *Scott Bassett*), for petitioners.

*Carson, Fisher, Potts & Hyman* (by *Sharon Mullin Fox*), for respondent.

Before: NEFF, P.J., and WAHLS and T. G. KAVANAGH,* JJ.

NEFF, P.J. This is a custody dispute arising out of a surrogate parenting contract. Petitioners appeal as of right from an order of the circuit court granting summary disposition in favor of respondent. The trial court granted summary disposition and refused to exercise jurisdiction in this case because a prior action regarding custody of the minor child, Andrew Hyde Stein, was then pending in the State of Florida. The action pending in Florida was an appeal from adoption proceedings. We affirm.

I

The circuit court found that it had jurisdiction over this matter under § 653 of the Uniform Child Custody Jurisdiction Act, MCL 600.653(1); MSA

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

27A.653(1), but declined to exercise that jurisdiction because a proceeding concerning custody of the minor child was pending in another jurisdiction. Petitioners contend that the trial court erred in refusing to exercise jurisdiction. We disagree.

MCL 600.656(1); MSA 27A.656(1) provides:

> *A court of this state shall not exercise its jurisdiction under sections 651 to 673 if at the time of filing the petition a proceeding concerning the custody of the child is pending in a court of another state exercising jurisdiction substantially in conformity with sections 651 to 673,* unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons or unless temporary action by a court of this state is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent. [Emphasis added.]

At issue here is whether adoption proceedings are included in the definition of a "custody proceeding" under the UCCJA. MCL 600.652; MSA 27A.652 is the definitions section of Michigan's version of the UCCJA and provides in pertinent part:

> (c) "Custody proceeding" includes proceedings in which a custody determination is 1 of several issues, such as an action for divorce or separation, and includes child neglect and dependency proceedings.

A cardinal rule of statutory construction is that courts may not speculate as to the probable intent of the Legislature beyond the words expressed in the statute. Where the language expressed in the statute is clear and unambiguous, judicial con-

struction is not necessary or permitted. *Van Dam v Civil Service Bd of Grand Rapids,* 162 Mich App 135, 138; 412 NW2d 260 (1987). However, if ambiguity exists, the intent of the Legislature must be given effect. *Central Advertising Co v Dep't of Transportation,* 162 Mich App 701, 707; 413 NW2d 479 (1987), lv den 430 Mich 864 (1988). A word or phrase in a statute is to be given its plain and ordinary meaning. *Van Dam, supra.* Dictionary definitions are appropriate in interpreting a statute. *People v Johnson,* 174 Mich App 108, 115; 435 NW2d 465 (1989).

Black's Law Dictionary (5th ed) defines "dependency" as:

> A relation between two persons, where one is sustained by another or looks to or relies on aid of another for support or for reasonable necessaries consistent with dependent's position in life.

"Dependency" is defined by *The Random House College Dictionary* (rev ed, 1984) as "the state of being dependent; dependence." "Dependent" is defined as "depending on someone or something else for aid, support, etc." "Dependence" is defined as "the state of depending on or needing someone or something for aid, support, or the like."

We hold that, under the UCCJA, adoption proceedings are included in the definition of a "custody proceeding" because they are in the nature of a dependency proceeding.

Cases from other jurisdictions also hold that the UCCJA applies to adoption proceedings. *Gainey v Olivo,* 258 Ga 640, 642-644; 373 SE2d 4 (1988); *In re Adoption of B E W G & S L W G,* 379 Pa Super 264; 549 A2d 1286 (1988); *Souza v Superior Court of Santa Cruz Co,* 193 Cal App 3d 1304; 238 Cal Rptr 892 (1987); *In re Adoption of K C P,* 432 So 2d

620 (Fla App, 1983). But see *Williams v Knott,* 690 SW2d 605 (Tex App, 1985), and *In re Johnson,* 415 NE2d 108 (Ind App, 1981), which hold that termination of parental rights proceedings are not child custody cases and are not encompassed by the UCCJA.

In concluding in *Gainey* that the UCCJA does apply to adoption proceedings, the Supreme Court of Georgia found that the language and purpose of the UCCJA are broad enough to encompass adoption proceedings. *Gainey, supra,* p 643. Likewise, the California Court of Appeals in *Souza, supra,* p 1309, concluded that the UCCJA regulates custody of children, that an adoption proceeding to terminate parental custody rights is clearly a custody-determining proceeding of the most dramatic kind, and that the UCCJA applies to adoption proceedings. We agree.

We note that, in its present form, § 652(c) does not specifically include adoption proceedings in its definition of a "custody proceeding." Section 652 was amended by 1982 PA 66, § 1. Prior to this amendment, the statute specifically included adoption proceedings in its definition of a "custody proceeding" and originally stated:

(c) "Custody proceeding" includes proceedings in which a custody determination is one of several issues, such as an action for divorce or separation, and includes child neglect, dependency, *and adoption proceedings.*

We have reviewed the first analysis of House Bill 4577, the bill which amended § 652 to delete adoption proceedings from the definition of a "custody proceeding." The analysis states that the bill would amend the statute to exclude adoption proceedings from the custody proceedings covered by the UCCJA, but gives no indication as to why the

change was to be made. However, the Fact Sheet on Legislation for House Bill 4577, dated May 19, 1981, states in pertinent part:

*3. What changes would the bill bring about?*

The bill will revise the language of a law which was enacted by Michigan in 1975 which standardized child custody procedures between states. This 1975 act was based on the "Uniform Child Custody Act". However, in Michigan, adoption custody proceedings were added to the otherwise uniform language that states had enacted. Research indicates that Michigan is the only state which added adoption to this uniform language.

This 1975 law created a requirement that in all adoption proceedings courts be notified as to whether there are any competing custody proceedings for the child in another state. Only two or three courts in the state enforce this requirement to be notified. Adoption cases are rarely subject to competing custody actions in other states and the fact that adoption was included only by Michigan makes it impossible to enforce or adjudicate contested cases under the "Uniform Child Custody Act" anyway.

Therefore, the removal of adoption would remove an extraneous and irrelevant requirement from law.

\* \* \*

*6. Does the content of the bill conform with existing requirements?*

As stated above, this legislation would bring Michigan's law into conformity with the "Uniform Child Custody Act".

*7. If the answer to any part of Question 6 is no, what changes would be necessary to bring the bill into conformity with existing requirements? Or, in the alternative, what changes in state law or DSS administrative rules would be required to enable implementation of the proposed legislation?*

There is no need for change in state law or administrative rules should this bill become law.

As the Fact Sheet on Legislation notes, one of the primary reasons for amending the statute was to make the language of the statute consistent with that of other states under the UCCJA.

At least one state, Georgia, has now added "adoption proceedings" to its definition of a "custody proceeding" under its version of the UCCJA. *Gainey, supra*, p 641, n 2.

Based on the foregoing, we conclude that adoption proceedings are included in the definition of a "custody proceeding" under § 652 of Michigan's version of the UCCJA.

II

The term "pending" contained in § 656 of Michigan's version of the UCCJA has been held to include the situation where a foreign court's custody determination is on appeal. *Bull v Bull*, 109 Mich App 328, 342; 311 NW2d 768 (1981). At the time the circuit court granted summary disposition in favor of respondent, an appeal from the adoption proceedings was pending in Florida. The Florida Supreme Court has since decided its case in favor of respondent.

Because of the provisions of MCL 600.656(1); MSA 27A.656(1), the circuit court here did not err in declining to exercise jurisdiction and in granting summary disposition in favor of respondent.

III

We decline to address petitioners' remaining issues because they were not raised or argued below and are, consequently, waived. *Providence Hospital v National Labor Union Health & Welfare Fund*, 162 Mich App 191, 194; 412 NW2d 690 (1987).

Affirmed.