DUNN v EMERGENCY PHYSICIANS MEDICAL GROUP, PC

Docket No. 119212. Submitted November 13, 1990, at Lansing. Decided May 21, 1991, at 9:45 A.M.

Jessie Dunn brought a medical malpractice action in the Genesee Circuit Court against Emergency Physicians Medical Group, P.C., and others. The defendants moved for an increase in the security, alleging that the plaintiff had not posted the requisite bond for costs or filed an affidavit of merit within ninety-one days. Following hearings, the trial court, Philip C. Elliott, J., ordered the plaintiff to post various bonds with respect to certain of the defendants. The plaintiff appealed, alleging that the court erred in considering the defendants' potential attorney fees in determining the amount of the bonds.

The Court of Appeals *held:*

The court erred in considering potential attorney fees in determining the amount of the bonds. In enacting MCL 600.2912d; MSA 27A.2912(4) the Legislature did not intend that a security bond be based on anticipated attorney fees, but rather that it be limited to taxable costs.

Affirmed in part, reversed in part, and remanded.

1. ACTIONS — BONDS — MEDICAL MALPRACTICE — SECURITY FOR COSTS — HEARINGS.

   An evidentiary hearing is not required before a trial court may set the amount of a bond for security for costs in a medical malpractice action where the plaintiff has failed to post security or file an affidavit of merit within the requisite time period (MCL 600.2912d; MSA 27A.2912[4]).

2. ACTIONS — BONDS — MEDICAL MALPRACTICE — SECURITY FOR COSTS — ATTORNEY FEES.

   The amount of a bond securing costs in a medical malpractice action imposed on a plaintiff who fails to post security or file an affidavit of merit or a late affidavit of merit is limited to

REFERENCES

Am Jur 2d, Costs §§ 37, 38, 44, 72; Physicians, Surgeons, and Other Healers § 372.

See the Index to Annotations under Attorneys' Fees; Costs of Actions; Malpractice by Medical or Health Professions.

taxable costs and may not include attorney fees (MCL 600.2912d; MSA 27A.2912[4]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Thomas M. McGuire*), for the plaintiff.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *Raymond W. Morganti*), for Emergency Physicians Medical Group, P.C., and J. Feemster, M.D.

*Neal & Lengauer, P.C.* (by *Jack Neal*), for Alex Solik, M.D., and Alex Solik, M.D., P.C.

*Smith & Brooker, P.C.* (by *James W. Tarter*), for John Poehner, D.O., and John Poehner, D.O., P.C.

Before: CAVANAGH, P.J., and JANSEN and T. J. LESINSKI,* JJ.

PER CURIAM. Plaintiff appeals by leave granted from orders entered by the circuit court which required the posting of security bonds in the amount of $32,000. Plaintiff argues that the court erred in deciding on the amount of the bonds by including his opponents' potential attorney fees, figures based on nothing more than speculation and conjecture. We agree in part and remand this case for reconsideration.

This is a medical malpractice case in which plaintiff alleges that the defendants were negligent in failing to promptly diagnose and treat his bilateral posterior shoulder dislocations. Allegedly, as a result of this negligence, plaintiff has had a fibrous hinge placed in his right shoulder and suffers from continuous pain. The Social Security Administration considers plaintiff to be totally and perma-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

nently disabled, and he is living on disability benefits and a pension.

Plaintiff filed this lawsuit on June 10, 1988, and was required by statute to post a bond for costs in the amount of $2,000, or to file an affidavit of merit within ninety-one days. MCL 600.2912d; MSA 27A.2912(4). On October 10, 1988, defendants Hurley Medical Center and the City of Flint filed a motion under MCL 600.2912d(4); MSA 27A.2912(4)(4) for an increase in the security because plaintiff had not posted the $2,000 bond or filed an affidavit of merit within the relevant period. By February 23, 1989, all the defendants had moved for an increase in security.

On November 2, 1988, plaintiff filed an affidavit stating that he had obtained a written opinion from a licensed health care provider that plaintiff's claim was meritorious. However, this affidavit did not specifically address the merits of plaintiff's claims with regard to each of the individual defendants.

In an opinion issued on March 7, 1989, the trial court explained that because plaintiff had filed his affidavit of merit late, the court would accept proofs regarding the expected amount of costs and attorney fees for each defendant and would entertain arguments concerning whether plaintiff should file separate securities for each defendant. On March 31, 1989, a hearing on the motions was held, and the attorneys for the defendants informed the court that they estimated their fees to be approximately $20,000.

In an opinion issued on April 10, 1989, the trial court decided that increased security for costs should be ordered in different amounts for each defendant. Plaintiff was ordered to post a $20,000 bond to secure Alex Solik, M.D., and Alex Solik, M.D., P.C. (Solik); a $5,000 bond to secure J. Feem-

ster, M.D., and the Emergency Physicians Medical Group, P.C. (Feemster); a $5,000 bond to secure Hurley Medical Center and the City of Flint; and a $2,500 bond to secure John Poehner, D.O., and John Poehner, D.O., P.C. (Poehner).

According to the trial court, the $20,000 bond to secure defendant Solik was "to cover past and future costs and fees if no expert opinion will support the claim against him." On the date of the trial court's decision, plaintiff had not filed an affidavit of merit with respect to defendant Solik. The $5,000 bond to secure defendant Feemster was apparently set because an affidavit of merit had been filed late. Similarly, it appears that the $2,-500 bond to secure defendant Poehner was also set because an affidavit of merit was filed late, although the increase was slight because plaintiff's counsel showed good cause for the late filing.

Finding Hurley Medical Center and the City of Flint to be protected by governmental immunity, the trial court granted their motion for summary disposition and dismissed the claims against them.

In this appeal, plaintiff claims that the trial court erred in allowing the attorneys to submit their estimates of fees without requiring proof to support these estimations. We disagree.

Resolution of a motion for security for costs is a matter addressed to the court's discretion and will not be disturbed absent an abuse of that discretion. *In re Ford's Estate,* 339 Mich 339, 346; 63 NW2d 417 (1954). An abuse may be found if the court considered improper factors in deciding the motion. *Wells v Fruehauf Corp,* 170 Mich App 326, 336; 428 NW2d 1 (1988). With regard to the amount of the bond, the trial judge may "set the bond in light of his own experience." *Belfiori v Allis-Chalmers, Inc,* 107 Mich App 595, 601; 309 NW2d 682 (1981).

There is nothing in the cited cases or those cited by the plaintiff that convinces us that an evidentiary hearing must be conducted before the trial judge can set the amount of the bond. In fact, because the trial judge is permitted to set the amount of the bond in light of his own experience, any proceeding to give the parties an opportunity to be heard appears to be more than our law requires.

Plaintiff also claims, and we agree, that the trial court erred in considering the defendants' attorney fees when the amount of the security bonds was determined. A cardinal rule of statutory construction is that courts may not speculate with regard to the probable intent of the Legislature beyond the words expressed in a statute. Where the language expressed in a statute is clear and unambiguous, judicial construction is not necessary or permitted. *Van Dam v Civil Service Bd of Grand Rapids*, 162 Mich App 135, 138; 412 NW2d 260 (1987). However, if ambiguity exists, the intent of the Legislature must be given effect. *Central Advertising Co v Dep't of Transportation*, 162 Mich App 701, 707; 413 NW2d 479 (1987).

The word "costs" as used in this state seldom includes actual attorney fees. *Reppuhn v Abell*, 97 Mich App 407, 410; 296 NW2d 44 (1980). In fact, Michigan adheres to the rule that attorney fees are not recoverable as an element of costs unless they are specifically authorized by statute, court rule, or a recognized exception. *State Farm Mutual Automobile Ins Co v Allen*, 50 Mich App 71, 74; 212 NW2d 821 (1973).

The bond required under § 2912d is "security for costs." The statute does not specify the amount of the bond, other than the requirement that it be greater than $2,000. Nor does the statute define

"costs" or set forth a procedure to fix the amount. However, we think it significant that the Legislature has provided that if a medical malpractice case proceeds to trial after a mediation panel determines that the action is frivolous, a bond in the amount of $5,000 must be posted to pay costs and reasonable attorney fees. MCL 600.4915(2); MSA 27A.4915(2).

Although the actual award of attorney fees and the requirement of a security bond are different, we do not believe the Legislature intended that anticipated attorney fees be used to establish the amount of a security bond. We base this conclusion on the fact that this state usually does not refer to attorney fees when using the word "costs" and on the fact that under § 4915 a bond in the amount of $5,000 must be posted after a mediation panel determines that a medical malpractice action is frivolous. This same provision then goes on to explain that the bond will be used to cover costs and attorney fees. Because § 2912 does not contain this same explanation, we must conclude that the Legislature did not intend that the security bond be based on anticipated attorney fees. Furthermore, it would be inconsistent to allow a bond in the amount of $20,000 at this stage of the lawsuit and then limit the bond to $5,000 if a mediation panel decides the claim is frivolous.

The amount of a bond securing costs in a medical malpractice action imposed on a plaintiff who files no affidavit or a late affidavit of merit is limited to taxable costs and may not include attorney fees. The trial court improperly considered such fees in setting the $20,000 bond in favor of defendant Solik, failed to adequately state the reasons for the amount set with regard to defendant Feemster, and apparently did not consider any improper factors in setting the bond in favor

of defendant Poehner. Furthermore, the trial court did not abuse its discretion in relying on the representations of counsel when establishing the amount of the bond.

The trial court's order with regard to defendant Solik is reversed, and the case is remanded for further consideration consistent with this opinion. With regard to defendant Feemster, the case is also remanded for clarification and reconsideration of the trial court's order if it is determined that improper factors were used to calculate the amount of the bond. The trial court's order with regard to defendant Poehner is affirmed.

Affirmed in part, reversed in part, and remanded.