IN RE TERMINATION OF PARENTAL RIGHTS OF STEVEN C.,
A Person Under the Age of 18:

BRUS C. and Maxine C., Appellants,

v.

SHAWN D., Respondent. [Case No. 92–0020–FT.]

IN RE TERMINATION OF PARENTAL RIGHTS OF STEVEN C.,
A Person Under the Age of 18:

BRUS C. and Maxine C., Appellants,

v.

SHAWN D., Respondent. [Case No. 92–0021–FT.]

Court of Appeals

*Nos. 92–0020–FT, 92–0021–FT. Submitted on briefs May 29, 1992.—Decided June 10, 1992.*

(Also reported in 486 N.W.2d 572.)

728

On behalf of the appellants, the cause was submitted on the briefs of *John A. Grundahl* of *Grundahl Law Offices* of Milwaukee.

On behalf of the respondent, the cause was submitted on the brief of *Diane Loftus* of *F. William Russo Law Offices* of Milwaukee.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

ANDERSON, J. Brus C. and Maxine C. appeal orders denying their motion to reopen and intervene in the termination of parental rights (TPR) in and adoption of their grandson, Steven D. The grandparents previously were granted visitation rights by an Illinois court. The issue on appeal is whether the trial court erred when it decided that the Uniform Child Custody Jurisdiction Act (UCCJA), ch. 822, Stats., did not apply to this case. Because we conclude that the UCCJA applies and that Brus and Maxine were entitled to notice of the TPR and adoption proceedings, we reverse and remand.

Steven was born in West Bend, Wisconsin in August 1985. Shawn D. is the natural mother and resides in Washington county. James C. is the putative father and his address is currently unknown. In June 1989, James successfully petitioned an Illinois court to be adjudicated the father of Steven. The order required James to pay child support, and visitation was reserved for a later determination. The order did not determine custody.

In May 1990, James and Shawn stipulated to waive visitation, child support, and the child support arrearage. James agreed to consent to the adoption of Steven by a future spouse of Shawn. An Illinois court entered an order identical to the stipulation.

Simultaneously to James' and Shawn's stipulation, Brus and Maxine, paternal grandparents of Steven, entered into a stipulation with Shawn. The stipulation provided the grandparents with visitation on the first weekend of every month, seven days in the summer, and reasonable telephone contact. The grandparents were to pick up and drop off Steven at Shawn's home in Wisconsin. The stipulation further provided:

> In the event the minor child, [Steven], is adopted by a future spouse of Respondent, [Shawn], and a corresponding termination of parental rights of the natural father, [James], is ordered, the resulting termination of the parental rights of [James] shall not preclude the granting of visitation privileges to [Brus and Maxine], the paternal grandparents of minor, [Steven].

An Illinois court subsequently entered an order identical to the stipulation.

Shawn married Barry M. in August 1990. On September 25, 1990, Shawn filed a petition for termination of James' parental rights to Steven, and Barry petitioned to adopt Steven. Both petitions were filed in Washington county, Wisconsin. Attached to the TPR petition was the Illinois order adjudicating James the father, but the Illinois order granting visitation rights to Brus and Maxine was not attached. Notice to James was served by publication.

On December 11, 1990, the Wisconsin trial court entered an order terminating James' parental rights and an order granting the adoption of Steven to Barry.

On December 20, 1990, Brus and Maxine moved the trial court to reopen the termination and adoption proceedings in order to continue their visitation rights. The grandparents argued that the TPR and adoption proceedings were "custody proceedings" within the meaning of sec. 822.02(3), Stats. (the UCCJA), and therefore they were required to receive notice of the TPR and adoption proceedings because of the Illinois order granting them visitation rights.

The trial court reasoned that this case involved grandparent visitation rights and not a custody dispute. The court stated that the TPR and adoption were not brought to establish or modify a custodial decree, and therefore, ch. 822, Stats., did not apply. The court concluded that its decision did not prevent the grandparents from other remedies to enforce the Illinois order.[1] The court denied their motion and the grandparents appeal.

■

The grandparents do not argue that the trial court was without jurisdiction or that the case should have been transferred to Illinois. What the grandparents argue is that the UCCJA applies to this case and that they should have received notice of the Wisconsin proceedings and been given the opportunity to be heard. The application of a statute to a set of facts is a question of law which we review *de novo. See In re K.D.J.,* 153 Wis. 2d 249, 253, 450 N.W.2d 499, 501 (Ct. App. 1989).

We first must determine whether the Wisconsin TPR and adoption proceedings were "custody proceed-

---

[1]For example, a possible alternative available to the grandparents is to claim visitation rights under the new visitation law. *See* 1991 Wis. Act 191.

ings" within the meaning of the UCCJA. *See* sec. 822.02(3), Stats. If so, the other provisions of the UCCJA which control "custody" matters also apply to this case. *See In re A.E.H.,* 161 Wis. 2d 277, 299–300, 468 N.W.2d 190, 199 (1991).

The Wisconsin Supreme Court addressed a similar issue in *In re A.E.H.* There, the court held that guardianship proceedings and TPR proceedings are "custody proceedings" within the meaning of the UCCJA. The court reasoned that the guardianship and TPR proceedings ultimately determine whether a parent will retain custody of a child. *Id.* at 300–01, 468 N.W.2d at 199–200. The court concluded that the guardianship and TPR decrees are "custody decrees" under sec. 822.02(4), Stats. *A.E.H.,* 161 Wis. 2d at 301–02, 468 N.W.2d at 200.

The reasoning of *A.E.H.* mandates that the TPR and adoption proceedings in this case are within the meaning of "custody proceedings." As in *A.E.H.,* the proceeding to terminate James' rights ultimately determined that he will never gain custody of the child. Similarly, the adoption of Steven ultimately determined who received custody. When interpreting "custody proceeding" in a broad sense as the drafters of the UCCJA intended, *id.* at 301, 468 N.W.2d at 200, there is no sound reason to treat guardianship and TPR proceedings any differently than TPR and adoption proceedings.[2]

---

[2]There is some inconsistency among states whether TPR and adoption proceedings fall within the UCCJA. *See* Annotation, *What Types of Proceedings or Determinations are Governed by the Uniform Child Custody Jurisdiction Act (UCCJA) or the Parental Kidnapping Prevention Act (PKPA),* 78 ALR4th 1028, 1047–51 (1990). The annotation reveals that the majority of

Once it is determined that the TPR and adoption proceedings fall within the coverage of the UCCJA, we must look to see the effect of that determination. Section 822.04, Stats., provides that before making a decree under the UCCJA, reasonable notice and opportunity to be heard shall be given to the contestants. Section 822.02(1), Stats., provides that a contestant can be a person who claims a right to visitation with respect to a child. Section 822.09(1)(c), Stats., provides that every party in a custody proceeding shall give information under oath as to *any person* not a party to the proceeding who has visitation rights with respect to the child. If the court learns that someone not a party to the proceeding claims visitation rights with respect to the child, sec. 822.10, Stats., *requires* that the person be joined as a party.

The Illinois order granted Brus and Maxine visitation rights to Steven. Therefore, they are contestants and should have received notice. Shawn should have provided the trial court with the information that the grandparents had an order granting visitation rights to Steven. Once the court became aware of the grandparents' visitation rights, the UCCJA requires that the grandparents be made parties. Nowhere does the UCCJA exclude grandparents from the application of the UCCJA.

Shawn argues that the UCCJA does not apply because there is no custody dispute. She reads the UCCJA too narrowly. The UCCJA is not limited to custody disputes, but to custody "determinations." Furthermore, the trial court may not be aware of any dispute

states interpret the UCCJA to include TPR and adoption proceedings.

until all contestants are given notice and the opportunity to be heard. The UCCJA provides the mechanism to assure that all parties are joined, to assure that the most appropriate jurisdiction to determine custody is established, to discourage continuing controversies and relitigation, and to provide greater stability of family relationships. *See* sec. 822.01, Stats.

The fact that the grandparents are not arguing that the Washington county court lacked jurisdiction is not fatal to the application of the UCCJA. Not every contestant will object to the jurisdiction of the court. Indeed, Washington county may be the most appropriate forum to address Brus' and Maxine's claims. However, the court cannot address all the claims until all the parties have been joined in the custody proceeding. Nowhere in the UCCJA does it provide that the UCCJA does not apply if the parties agree over a particular jurisdiction.[3]

Finally, the fact that the Illinois proceedings did not address custody is not fatal to the application of the UCCJA. The jurisdictional requirements of the UCCJA

---

[3]Shawn states in her brief that she previously contested the Illinois order granting Brus and Maxine visitation rights in a "Petition for Child Support and a Termination of Grandparental Rights" filed in Washington county, Wisconsin. Shawn states that the Wisconsin trial court ruled in an oral decision that Illinois had continuing jurisdiction over the grandparental issue and Wisconsin could not grant such visitation rights. From this, Shawn argues that any notice to Brus and Maxine would have been "pointless" because Illinois was the proper jurisdiction to address their visitation rights. Assertions of facts not in the record will not be considered on appeal. *See Jenkins v. Sabourin,* 104 Wis. 2d 309, 313, 311 N.W.2d 600, 603 (1981).

must be met only at the commencement of the proceedings in this state. *A.E.H.*, 161 Wis. 2d at 302, 468 N.W.2d at 200. When the TPR and adoption proceedings were commenced in Washington county, the proceedings were "custody proceedings" and properly fell within the coverage of the UCCJA. Once the proceedings fall within the UCCJA, then the notice requirements are triggered. *See id.* at 299–300, 468 N.W.2d at 199.[4]

*By the Court.*—Order reversed and cause remanded.

---

[4]Because the issue before us is whether TPR and adoption proceedings are "custody determinations" within the meaning of the UCCJA, the recent case of *In re C.G.F.*, 168 Wis. 2d 62, 483 N.W.2d 803 (1992), and the earlier case of *In re Topel*, 32 Wis. 2d 223, 145 N.W.2d 162 (1966), do not apply.