McRAE, P.J.,
dissenting.
¶ 20. This case cries out for closer review, particularly in light of the fact that it concerns the mental state of a minor. C.L.B., when under the age of 18, became pregnant out of wedlock, married the child’s father, had the child, was depressed (post partum), attempted suicide and real *986 ized she had been the victim of child abuse all just prior to making the decision to give her child up for adoption. The record indicates that the only testimony the chancellor heard as to the mental state of C.L.B. came from a social worker. The social worker’s opinions do not qualify as expert opinions as those of a mental health expert (e.g. psychiatrist, psychologist) would.
¶ 21. As C.L.B. correctly argues, a guardian ad litem should have been appointed to represent the interests of her child. Although the majority is correct in saying that the appointment of a guardian ad litem is not required in a case like this where both parents voluntarily give up their parental rights, this is not to say that they are correct in not requiring said guardian for the child. The age of the mother and her mental state point to the obvious conclusion that she might not know what would be in the best interest of the child. Since the best interest of the child is the “polestar” consideration in matters of this nature, a guardian ad litem should have been appointed for the child. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983).
¶ 22. I also disagree with the majority’s decision not to require the parties to abide by the Uniform Child Custody Jurisdiction Act (UCCJA). The majority of jurisdictions within the United States have applied the UCCJA to adoptions as the “effect of a final decree of adoption is to terminate all legal rights between the adopted child and the child’s relatives.... In order to prevent by adoption that which cannot be achieved by custody proceedings, the provisions of the Uniform Act must also be applied to adoption proceedings.” In re Adoption of B.E.W.G., 379 Pa.Super. 264, 549 A.2d 1286, 1290 (1988). See also Souza v. Superior Court of Santa Cruz, 193 Cal.App.3d 1304, 238 Cal.Rptr. 892 (1987); Gainey v. Olivo, 258 Ga. 640, 373 S.E.2d 4 (1988); Slidell v. Valentine, 298 N.W.2d 599 (Iowa 1980); In re Clausen, 442 Mich. 648, 502 N.W.2d 649 (1993); E.E.B. v. D.A., 89 N.J. 595, 446 A.2d 871 (1982); In re Adoption of Asente, 90 Ohio St.3d 91, 734 N.E.2d 1224 (2000); In re Steven C., 169 Wis.2d 727, 486 N.W.2d 572 (1992). This Court should follow these other jurisdictions and apply the UCCJA to adoption proceedings.
¶ 23. Proper consideration was not given to important factors, including the lack of a guardian ad litem for the child, and the UCCJA should have been applied in this case. In light of these factors, the case should be reversed and remanded for proper consideration by the trial court.