WARD *v.* CULVER.

1. ELECTIONS—CANVASSING BOARD—MARQUETTE CHARTER.
   Under the charter of Marquette, which provides that upon the Thursday next following election the common council shall meet and determine who are elected to the several city offices, the common council is a canvassing board within the meaning of section 3725, 1 Comp. Laws, providing for recounts by canvassing boards.

2. SAME—RECOUNT—PETITION—SUFFICIENCY.
   A petition for a recount of the votes cast for mayor of a city, which shows that petitioner and his opponent received 1001 and 1008 votes, respectively, is sufficient, though it asserts no errors in the count of votes within the knowledge of the petitioner.

3. SAME—MANDAMUS—ANSWER—SUFFICIENCY.
   An answer by a canvassing board to an order to show cause why they should not proceed to recount the votes of certain wards for an office is insufficient, where it makes no mention of one of the wards specified, and as to another fails to clearly state that the ballot boxes have not been sealed as the law requires.

4. SAME — STATUTE — CONSTITUTIONALITY — IMPOSSIBILITY OF ENFORCEMENT.
   Section 3725, 1 Comp. Laws, providing for recounts by boards of canvassers is not unconstitutional as applied to city offices because it cannot be carried into execution unless by common consent, since the members of the common council of a city, constituting the board of canvassers, are officers of the city, bound by their oath of office, and while there is no express requirement that the inspectors in the various wards having the keys and election seals shall attend the board of canvassers, it is their duty to do so upon notice, and it is not probable that examiners selected by rival candidates will refuse to serve.

Mandamus by Walter T. Ward to compel Rush Culver, mayor, and the common council of the city of Marquette to grant a recount of the votes cast for the office of mayor.

Submitted April 17, 1906.    (Calendar No. 21,660.)   Writ granted May 1, 1906.

*C. F. Button* and *M. M. Riley*, for relator.

*Daniel H. Ball* (*W. S. Hill, S. W. Shaull, Benjamin O. Pearl*, and *J. E. Ball*, of counsel), for respondents.

OSTRANDER, J.   Relator was candidate for re-election to the office of mayor of the city of Marquette at the annual city election, held April 2, 1906, and, as shown by the returns from the several wards of the city, was defeated.   He filed with the recorder of the city a petition for a recount of the votes cast for mayor at said election in the first, second, and fifth wards of said city, deposited the proper amount of money, and served upon the opposing candidate a copy of his said petition.   The errors, mistakes, and frauds complained of were:

"(*a*) That in each of said wards, as your petitioner is informed and believes, votes were counted for said Culver in said canvass which because of distinguishing marks, mutilations, and other invalidities appearing upon the face thereof, and elsewhere, ought not to have been counted.

"(*b*) That in each of said wards, your petitioner is also informed and believes, votes cast for your petitioner for said office were thrown out and not counted for your petitioner because claimed to have some distinguishing mark, or to be mutilated or otherwise invalid, which ought to have been counted for your petitioner.

"(*c*) That in each of said wards, as your petitioner is informed and believes, votes cast for your petitioner for said office were not counted and returned as cast for him.

"(*d*) That in each of said wards, as your petitioner is informed and believes, votes were counted and returned as cast for said Rush Culver, for said office which were not in fact so cast.

"(*e*) That in each of said wards, as your petitioner is informed and believes, the several boards of election inspectors returned a less number of votes as cast for your petitioner for said office, than were in fact cast for him."

The matter was presented to the common council at a

meeting held April 5th to canvass the votes given in the several wards, and thereupon the council, by a divided vote, determined, *first,* that it was a matter over which the common council had no jurisdiction; *second,* that the petition was insufficient both in statements of errors complained of, and in that it did not state that in the belief of the petitioner, if the votes had been properly counted, the result would have been changed. The returns before said common council showed that relator had received 1,001 votes and the opposing candidate 1,008 votes. The council proceeded to examine the official returns of votes, determined that Rush Culver was duly elected, and so declared by a resolution duly adopted.

The first reason assigned by the common council for declining to entertain the petition for a recount is based apparently upon the idea that the common council of the city of Marquette is not a canvassing board within the meaning of section 3725, 1 Comp. Laws. The charter provides:

" Upon the Thursday next following the day of said election the common council shall meet at the office of said recorder and thereupon determine who, by the greatest number of votes given in the several wards at such election, are duly elected to fill the respective city offices." Act No. 249, Local Acts 1891, chap. 5, § 1.

We have no doubt that the common council of the city is a board of canvassers within the meaning of the section referred to.

It is true the petition for a recount does not assert, upon the knowledge of relator, any errors in the count of votes. The averments made upon information and belief are very general. It is also true, however, that slight changes in one or all of the wards specified, if in relator's favor, without corresponding changes in favor of Mr. Culver, will be sufficient to change the result announced. The petition is verified, the statute a beneficial one. Under all of the circumstances, we must decline to hold the petition insufficient.

It is further averred in the answer of the common council that the seals of the ballot box of the second ward of the said city, at the time it was delivered to the recorder of said city after the election, were broken in such a manner that full and complete access could be had to the box by any person having the key thereof, and said box fully opened without fear of detection, and without disturbing or breaking any other or further seals than those broken at that time; that the seals of the ballot box of the fifth ward were partially broken, but that respondents are not certain whether access could be had to the interior thereof without defacing or breaking other seals thereon. Various averments concerning the condition of the ballot box in the seventh ward are contained in the answer, the materiality of which is not apparent. This court has held (*Keith* v. *Wendt*, ante, 49) that it is a prerequisite to a recount that the board find that the ballot box has been sealed as the statute requires. Any other rule would result in confusion and permit boards of canvassers to variously determine whether the ballots cast had been so preserved that a recount of them could be had. It does not appear from the answer but that the ballots in the first ward of the city of Marquette can be recounted, nor is it made certain that the ballot box of the fifth ward was not, after the election, properly closed as provided by law and has since remained closed.

The constitutionality of Act No. 208, Pub. Acts 1887, as amended by Act No. 267, Pub. Acts 1897 (section 3725, 1 Comp. Laws), is questioned by counsel for respondents, upon the ground, generally, not that the act is in direct conflict with the Constitution, but that it cannot be carried into execution unless by common consent, and reliance is placed upon the opinion of this court in *Andrews* v. *Otsego Probate Judge*, 74 Mich. 278. In that case, the court had under consideration Act No. 293, Pub. Acts 1887. The defects in that act pointed out by the court do not inhere in the statute which we are considering. The members of the board of canvassers of the city of

Marquette are officers of the city, bound by the oath of office, required to perform certain duties with respect to elections upon certain days. It is true there is no express requirement that the inspectors intrusted in the various wards with the keys and election seals shall attend the board of canvassers. That it would be their duty to do so, upon notice, is clear, and the presumption that they will do so will be indulged. It is hardly conceivable that examiners, selected by rival candidates will refuse to serve.

The writ will issue, commanding the common council to meet within ten days after notice of the issuing of the writ and within the same time proceed to a recount, according to the provisions of the statute, of the ballots cast for the office of mayor in the first ward of the city of Marquette, and the ballots cast for the same office in the fifth ward of the city of Marquette, provided an inspection of the ballot box of the fifth ward shall show that it was, after the election, fastened and sealed in the manner required by the statute, and that there has since been no tampering with the fastenings of the box.

CARPENTER, C. J., and MONTGOMERY, HOOKER, and MOORE, JJ., concurred.