KENNEDY v BOARD OF STATE CANVASSERS

Docket No. 68714. Submitted April 21, 1983, at Detroit.—Decided July 20, 1983.

Thomas E. Kennedy and Robert A. Binkowski were candidates for the position of judge of the 37th Judicial District. The Board of State Canvassers announced that Kennedy had received 17 votes more than Binkowski. Binkowski petitioned the board for a recount. His petition contained a general allegation of fraud or mistake and it has been admitted that he had no actual knowledge of any particular instance of fraud or mistake. Kennedy brought an original action for mandamus in the Court of Appeals seeking an order prohibiting the recount. The Court of Appeals issued an order restraining the board from certifying the results of the recount until further order, but allowing the recount to be conducted. The recount has not altered the result of the election. *Held:*

1. The Court need not decide whether the restraining order prevented the case from becoming moot, because a court may consider the merits of technically moot issues where, as here, they are of public significance and likely to recur.

2. The general allegation of fraud or mistake in the petition for a recount was sufficient under the requirements of the statute governing the recount procedure.

3. Binkowski did not waive his claim to a recount by failing to designate challengers to observe the voting. The use of challengers is not a prerequisite to obtaining a recount.

4. The failure of the petition to specify the nature and character of the alleged fraud or mistakes at issue did not deny the plaintiff due process.

Mandamus is denied, and the prior restraining order is vacated.

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 81.
[2] 25 Am Jur 2d, Elections § 5.
  26 Am Jur 2d, Elections §§ 203, 295.
[3] 26 Am Jur 2d, Elections § 295.
[4] 26 Am Jur 2d, Elections § 356.

1. COURTS — MOOT ISSUES.

    A court may consider the merits of a technically moot issue where it is of public significance and is likely to recur.

2. ELECTIONS — RECOUNTS — STATUTES — JUDICIAL CONSTRUCTION.

    Statutes controlling the manner in which elections are conducted are to be construed as far as possible in a way which prevents the disenfranchisement of voters through the fraud or mistake of others; a petition for a recount containing a general allegation of fraud or mistake was sufficient where no one knew of any specific fraud or mistake (MCL 168.879[1]; MSA 6.1879[1]).

3. ELECTIONS — RECOUNTS.

    The designation of challengers to observe voting procedures is not a prerequisite to a request for a recount (MCL 168.730; MSA 6.1730).

4. ELECTIONS — RECOUNTS — GENERAL ALLEGATIONS — DUE PROCESS.

    A petition for an election recount which contains a general allegation of fraud or mistake, found to be sufficient for the Board of State Canvassers to order a recount, does not deny the apparent winner of the election of procedural due process by not providing him with notice of the character of the fraud or mistakes at issue; due process is flexible and requires only such procedural safeguards as the particular situation demands.

*Ronald A. Goldstein,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael J. Hodge,* Assistant Attorney General for the Board of State Canvassers.

*Craig, Farber & Downs, P.C.* (by *Timothy Downs),* for Robert A. Binkowski.

Before: BRONSON, P.J., and J. H. GILLIS and MAC-KENZIE, JJ.

MACKENZIE, J. This case is an original proceeding for mandamus. At the November, 1982, election, three persons, including plaintiff and intervening defendant, were candidates for two posi-

tions as judge of the 37th Judicial District. On November 22, 1982, defendant Board of State Canvassers announced that plaintiff had finished second with 24,885 votes and that intervening defendant had finished third with 24,868 votes. Intervening defendant therefore lost a position as judge by 17 votes.

Intervening defendant petitioned defendant board for a recount in 145 precincts. The petition contained the following allegation:

"That he [intervening defendant] believes he is aggrieved on account of fraud or mistake in the cavassing of the votes due to fraud or mistake in tallying or counting or mechanical problems."

Intervening defendant has since admitted that he had no actual knowledge of any particular instance of fraud or mistake.

In this case, plaintiff contends that the foregoing allegations were insufficient to allow defendant board to conduct a recount. Plaintiff moved for a temporary restraining order prohibiting the recount. This Court issued an order restraining the board from certifying the results of the recount until further order, but otherwise denying plaintiff's motion. We have since been informed that the recount did not alter the result of the election.

We first note that we need not decide whether the restraining order prevented this case from becoming moot. Courts in this state may consider the merits of technically moot issues where, as here, they are of public significance and are likely to recur. See *Colombini v Dep't of Social Services,* 93 Mich App 157, 161; 286 NW2d 77 (1979), and the cases discussed therein.

MCL 168.879(1); MSA 6.1879(1) provides in part:

"A candidate voted for at an election for an office may petition for a recount of the votes pursuant to the following requirements:

\* \* \*

"(b) The petition shall allege that the candidate is aggrieved on account of fraud or mistake in the canvass of the votes by the inspectors of election or the returns made by the inspectors, or by a county canvassing board or the board of state canvassers.

\* \* \*

"(f) The petition shall set forth as nearly as possible the nature and character of the fraud or mistakes alleged and the counties, cities, or townships and the precincts in which they exist."

In *Ward v Culver,* 144 Mich 57, 59; 107 NW 444 (1906), the Court discussed the sufficiency of a petition for a recount in the context of an election determined by a vote of 1,008 to 1,001. The Court said:

"It is true the petition for a recount does not assert, upon the knowledge of relator, any errors in the count of votes. The averments made· upon information and belief are very general. It is also true, however, that slight changes in one or all of the wards specified, if in relator's favor, without corresponding changes in favor of Mr. Culver, will be sufficient to change the result announced. The petition is verified, the statute a beneficial one. Under all of the circumstances, we must decline to hold the petition insufficient."

Public policy requires that statutes controlling the manner in which elections are conducted be construed as far as possible in a way which prevents the disenfranchisement of voters through the fraud or mistake of others. *Lindstrom v Board of Canvassers of Manistee County,* 94 Mich 467, 469; 54 NW 280 (1893); *Groesbeck v Board of State*

*Canvassers,* 251 Mich 286, 291-292; 232 NW 387 (1930). Therefore, we must not construe the statute to impose technical requirements preventing a recount unless such a construction is clearly required by the language the Legislature employed. The statute requires allegations, not proof, of fraud or mistake as a prerequisite for a recount. The statute requires that the nature and character of the fraud or mistakes be set forth "as nearly as possible". The general allegation of fraud or mistake here set forth the nature and character of the fraud or mistake as nearly as possible, because no one knew of any particular fraud or mistake. Here, as in *Ward v Culver,* only a slight change in the totals would have been sufficient to change the outcome of the election. The petition filed here was sufficient to meet the requirements of the statute.

Plaintiff also argues that intervening defendant waived his claim to a recount by failing to designate challengers to observe the voting pursuant to MCL 168.730; MSA 6.1730. This argument is without merit, because nothing in the statute makes the designation of challengers a prerequisite for a recount.

Plaintiff also argues that acceptance of the petition by defendant board denied him due process, because the petition was insufficient to provide him with notice of the nature and character of the fraud or mistakes at issue. We will assume without deciding that plaintiff has an interest in the announced result of the election of which he may not be deprived without due process of law. However, due process is flexible and requires only such procedural safeguards as the particular situation demands. *Morrissey v Brewer,* 408 US 471, 481; 92 S Ct 2593; 33 L Ed 2d 484 (1972); *Mathews v Eldridge,* 424 US 319, 334; 96 S Ct 893; 47 L Ed 2d

18 (1976). MCL 168.883; MSA 6.1883 provides in part:

"The board of state canvassers, at as early a date as possible after the receipt of such petition and the deposit required, shall investigate the facts set forth in said petition and cause a recount of the votes cast in the several precincts included in the petition."

The mandatory language used in the foregoing section shows that a recount must take place when the board is presented with a sufficient petition and the required deposit. Because plaintiff had no substantive right to prevent a recount on the ground that no fraud or mistake took place, procedural due process does not require that plaintiff receive more elaborate notice than he received here. The investigation and recount are not adversarial proceedings. Plaintiff's rights are adequately protected by the requirement that his representatives be given full opportunity to observe the recount. *Groesbeck, supra,* pp 299-300.

The writ of mandamus is denied. An order vacating our previous restraining order shall issue.