### SANTIA v BOARD OF STATE CANVASSERS

Docket No. 84645. Submitted April 7, 1986, at Detroit. Decided May 20, 1986.

Marco A. Santia ran for the office of 39th District judge in the cities of Roseville and Fraser. The election was held on November 6, 1984. On November 12, 1984, Santia, by letter, requested a recount of the votes, claiming that the votes received by the two candidates were transposed because of computer error. The letter was received by the Secretary of State on November 27, 1984. On December 11, 1984, the Secretary of State sent Santia a letter denying his request for a recount, stating that his request was not timely filed. The Secretary of State relied on an Attorney General's opinion in ruling that Santia's recount request was prematurely filed on November 27, 1984, one day before the Board of State Canvassers certified the results of the election. Santia filed a complaint against the Board of State Canvassers in Macomb Circuit Court seeking a writ of mandamus and a temporary injunction, asking that the election ballots be preserved. The court, Raymond R. Cashen, J., denied plaintiff's request for mandamus, holding that plaintiff's request for a recount, filed on November 27, 1984, one day before the results of the election were certified by the Board of State Canvassers, did not have to be processed by the Secretary of State. Plaintiff moved for a rehearing and for permission to amend his pleadings to include a request for a declaratory judgment, claiming that defendant's failure to provide him with personal notice of defendant's completion of the canvass denied him due process. The motion was denied. Plaintiff appealed. *Held:*

1. Plaintiff's petition for a recount was improperly denied. The applicable statute governing recounts of votes sets only an outside time limit upon which a recount petition may be filed. That time limit is forty-eight hours after the completion of the canvass of votes cast at the election. Plaintiff properly peti-

REFERENCES

Am Jur 2d, Elections §§ 33, 45, 109, 110, 291-308, 355, 356.

See also the annotations in the ALR3d/4th Quick Index under Ballots; Elections.

tioned for a writ of mandamus, and that petition was improperly denied because defendant had a duty to conduct a recount.

2. The Attorney General's opinions have no precedential value.

Reversed and remanded for further proceedings.

1. Elections — Recount Petitions — Time Limits.

A petition for recount of votes in an election may be filed at any time after the election but not later than forty-eight hours following the completion of the canvass of the votes by the Board of State Canvassers (MCL 168.879; MSA 6.1879).

2. Elections — Statutes — Judicial Construction.

Public policy requires that statutes controlling the manner in which elections are conducted be construed as far as possible in a way which prevents the disenfranchisement of voters through the fraud or mistake of others; the statutes therefore must not be construed to impose technical requirements preventing a recount of votes unless such a construction is clearly required by the language of Legislature employed in the statute (MCL 168.879; MSA 6.1879).

3. Attorney General — Opinions — Precedential Value.

The opinions of the Attorney General have no precedential value.

Marco A. Santia, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gary P. Gordon,* Assistant Attorney General, for defendant.

Before: Danhof, C.J., and Hood and Sullivan, JJ.

Per Curiam. Plaintiff appeals as of right from an order which denied both his motion to amend pleadings and his motion for a rehearing of a prior order denying a writ of mandamus.

On November 6, 1984, a general election was held in this state. Marco Santia, plaintiff, and incumbent Mary McDevitt ran for the office of 39th District judge in the cities of Roseville and Fraser. Judge McDevitt received 11,890 votes in

the election; plaintiff received 7,638 votes. Thereafter, on November 12, 1984, plaintiff by letter requested a recount of the votes, claiming that the votes received by each candidate were transposed because of computer error. Plaintiff enclosed a check covering the cost of the recount. Plaintiff's letter was received on November 27, 1984. Apparently, the Secretary of State deposited plaintiff's check on November 28, 1984.

On December 11, 1984, the Secretary of State sent plaintiff a letter denying his request for a recount, stating it was untimely filed. The letter explained that, relying on an Attorney General's opinion, OAG, 1951-1952, No 1330, p 123 (November 27, 1950), plaintiff's recount request was prematurely filed on November 27, 1984, one day before the Board of State Canvassers certified the results of the election. (Certification occurred November 28, 1984.) The Secretary of State returned plaintiff's $270.

On December 17, 1985, plaintiff filed a complaint seeking a writ of mandamus and also seeking a temporary injunction, asking that the election ballots be preserved. On that same date, the circuit court issued an order to show cause against defendant. On January 9, 1985, the court granted plaintiff's request for a preliminary injunction and ordered the preservation of the election ballots.

On January 17, 1985, the court entered an opinion denying plaintiff's request for mandamus, holding that plaintiff's request for a recount, filed on November 27, 1984, one day before the results of the election were certified by the Board of State Canvassers, did not have to be processed by the Secretary of State.

On February 21, 1985, plaintiff moved for a rehearing and for permission to amend his pleadings to include a request for a declaratory judg-

ment, claiming that defendant's failure to provide him with personal notice of defendant's completion of the canvass denied him due process. The motion was denied. The court held that allowing plaintiff's amendment would prejudice Ms. McDevitt and the public in that the authority of Ms. McDevitt's decisions and the validity of her ability to even hold office would remain in question. At that same hearing, the City of Roseville (hereinafter intervenor) moved to intervene. MCR 2.209. On April 3, 1985, an order was entered allowing the intervention for the limited purpose of obtaining an order to clear its voting machines. On that same date, it was ordered that the ballots and punch card booklets from the contested election be preserved, but that the punch card voting machines be cleared.

MCL 168.879; MSA 6.1879 provides in pertinent part as follows:

> (1) A candidate voted for at an election for an office may petition for a recount of the votes pursuant to the following requirements:
>
> *  *  *
>
> (c) *The petition for a recount shall be filed not later than 48 hours following the completion of the canvass of votes cast at an election.* [Emphasis added.]

Although canvassing occurs at three different points in the election process, the parties in this case agree that "the canvass" referred to in MCL 168.879(c); MSA 6.1879(c) is the canvass performed by the Board of State Canvassers. The parties disagree as to the meaning of the words "not later than 48 hours following the completion of the canvass." We find that the statute on its face sets only an outside time limit upon which the recount petition may be filed.

In construing statutory provisions, this Court has held:

> [I]f the statute is unambiguous on its face, we will avoid further interpretation or construction of its terms. *Detroit v Redford Twp,* 253 Mich 453; 235 NW 217 (1931). However, if ambiguity exists, it is our duty to give effect to the intention of the Legislature in enacting the statute. *Melia v Employment Security Comm,* 346 Mich 544; 78 NW2d 273 (1956). To resolve a perceived ambiguity, a court will look to the object of the statute, the evil or mischief which it is designed to remedy, and will apply a reasonable construction which best accomplishes the statute's purpose. *Bennetts v State Employees Retirement Board,* 95 Mich App 616; 291 NW2d 147 (1980); *Stover v Retirement Board of St Clair Shores,* 78 Mich App 409; 260 NW2d 112 (1977). Also, ambiguous statutes will be interpreted as a whole and construed so as to give effect to each provision and to produce an harmonious and consistent result. *In re Petition of State Highway Comm,* 383 Mich 709; 178 NW2d 923 (1970); *People v Miller,* 78 Mich App 336; 259 NW2d 877 (1977). Further, specific words in a given statute will be assigned their ordinary meaning unless a different interpretation is indicated. *Oshtemo Twp v Kalamazoo,* 77 Mich App 33, 39; 257 NW2d 260 (1977); MCL 8.3a; MSA 2.212(1). [*Pittsfield Twp v City of Saline,* 103 Mich App 99, 104-105; 302 NW2d 608 (1981).]

See, also, *Melia v Employment Security Comm,* 346 Mich 544, 562-563; 78 NW2d 273 (1956); *Sneath v Popiolek,* 135 Mich App 17, 23; 352 NW2d 331 (1984); *R & T Sheet Metal, Inc v Hospitality Motor Inns, Inc,* 139 Mich App 249, 253-254; 361 NW2d 785 (1984), lv den 422 Mich 944 (1985); *People v Parsons,* 142 Mich App 751, 756; 371 NW2d 440 (1985); *Winiecki v Wolf,* 147 Mich App 742, 744-745; 383 NW2d 119 (1985).

Furthermore, this Court has stated:

> Public policy requires that statutes controlling the manner in which elections are conducted be construed as far as possible in a way which prevents the disenfranchisement of voters through the fraud or mistake of others. *Lindstrom v Board of Canvassers of Manistee County,* 94 Mich 467, 469; 54 NW 280 (1893); *Groesbeck v Board of State Canvassers,* 251 Mich 286, 291-292; 232 NW 387 (1930). Therefore, we must not construe the statute to impose technical requirements preventing a recount unless such a construction is clearly required by the language the Legislature employed. [*Kennedy v Board of State Canvassers,* 127 Mich App 493, 496-497; 339 NW2d 477 (1983).]

Rather than just setting an outside time limit, the Legislature could have instead required a recount petition to be filed only after the Board of State Canvassers had completed its canvass and within forty-eight hours therefrom. In drafting the quoted statute, the Legislature did not employ such an express requirement and this Court should not read one in. *Kennedy, supra.*

In pursuing his remedies, plaintiff properly petitioned for a writ of mandamus. MCL 168.878; MSA 6.1878. Pursuant to our interpretation of MCL 168.879(c); MSA 6.1879(c), plaintiff's petition was improperly denied because defendant had a duty to conduct a recount. To the extent that the stated Attorney General opinion conflicts with this holding, we disagree with its construction of the statute and further note that the opinions of the Attorney General lack precedential value. *David Walcott Kendall Memorial School v City of Grand Rapids,* 11 Mich App 231, 237; 160 NW2d 778 (1968), lv den 381 Mich 765 (1968); *Chapman v Peoples Community Hospital Authority of Michigan,* 139 Mich App 696, 702; 362 NW2d 755 (1984).

Due to our finding, we find it unnecessary to address plaintiff's contention that the trial court abused its discretion in denying plaintiff's motion to amend.

Reversed and remanded for further proceedings.