# Order

Michigan Supreme Court
Lansing, Michigan

December 9, 2016

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

154886-7

ATTORNEY GENERAL,
        Plaintiff-Appellee,
v

BOARD OF STATE CANVASSERS and
DIRECTOR OF ELECTIONS,
        Defendants-Appellees,
and

JILL STEIN,
        Intervening Defendant-Appellant.
_____/

SC: 154886
COA: 335947

DONALD J. TRUMP,
        Plaintiff-Appellee,
v

BOARD OF STATE CANVASSERS and
DIRECTOR OF ELECTIONS,
        Defendants-Appellees,
and

JILL STEIN,
        Intervening Defendant-Appellant.
_____/

SC: 154887
COA: 335958

On order of the Court, the application for leave to appeal the December 6, 2016 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

ZAHRA and VIVIANO, JJ. (*concurring*).

We concur with the Court's denial order and with the Court of Appeals' judgment that it leaves in place. We write separately because we believe there are additional textual arguments that support the Court of Appeals' conclusion that petitioner failed to adequately allege that she "is aggrieved on account of fraud or mistake in the canvass of the votes . . . ."

This case presents a question of statutory interpretation. "The role of this Court in interpreting statutory language is to ascertain the legislative intent that may reasonably be inferred from the words in a statute."[1] It is a longstanding, fundamental maxim of statutory interpretation that we must examine the statute as a whole, taking care to read

---

[1] *Hannay v Dep't of Transp*, 497 Mich 45, 57 (2014) (quotation marks and citation omitted).

the individual words and phrases in the context of the entire legislative scheme.[2]  In doing so, we must give effect to every word and phrase in the statute and avoid an interpretation that would render any part of the statute surplusage or nugatory.[3]

In order for the candidate to successfully petition for a recount, the petition must allege "that the *candidate is aggrieved on account of* fraud or mistake . . . ."[4]  "Account" means "to be the sole or primary factor[.]"[5]  Thus, there must be a causal relationship between the alleged fraud or mistake and the alleged harm. To satisfy the statutory requirements, the petition must allege both parts of this causal relationship.  To determine otherwise would impermissibly render the Legislature's inclusion of the phrase "the candidate is aggrieved on account of" nugatory.  Therefore, under MCL 168.879(1)(b), the petition must allege both that fraud or mistake exists and that the alleged fraud or mistake caused the candidate to be aggrieved.[6]

The conclusion that a candidate is obligated to allege both requirements is also supported by the amendments to the relevant language of MCL 168.879(1)(b).  "[C]ourts must pay particular attention to statutory amendments, because a change in statutory language is presumed to reflect either a legislative change in the meaning of the statute itself or a desire to clarify the correct interpretation of the original statute."[7]  When

---

[2] *Madugula v Taub*, 496 Mich 685, 696 (2014).

[3] *Johnson v Recca*, 492 Mich 169, 177 (2012).

[4] MCL 168.879(1)(b) (emphasis added).

[5] *Merriam-Webster's Collegiate Dictionary* (11th ed).  To understand the meaning of words in a statute that are not otherwise defined, we may resort to dictionary definitions for guidance.  *People v Jones*, 467 Mich 301, 304 (2002).  When terms at issue have a peculiar legal meaning, it is appropriate to consult a legal dictionary.  *Id*. at 304-305.  See also MCL 8.3a.

[6] "Aggrieved" is a term of art defined as "having legal rights that are adversely affected; having been harmed by an infringement of legal rights."  *Black's Law Dictionary* (10th ed).  An "aggrieved party" is "a party whose personal, pecuniary, or property rights have been adversely affected by another person's actions or by a court's decree or judgment."  *Id*. at 1297.  Thus, to be "aggrieved," a party must demonstrate that it has been harmed in some fashion.  Accordingly, we agree with the Court of Appeals that MCL 168.879(1)(b) "requires that the candidate allege a loss or injury that resulted from fraud or mistake in the canvassing of votes."  *Attorney General v Bd of State Canvassers*, __ Mich App __, __ (Docket Nos. 335947, 335958, released December 6, 2016), slip op at 4.

[7] *Bush v Shabahang*, 484 Mich 156, 167 (2009).

enacted, MCL 168.879(1)(b) provided that "[a]ny candidate . . . who *considers himself aggrieved* on account of any fraud or mistake" could file a petition.[8] In 1980, the Legislature amended the statute to provide that "[t]he petition *shall allege* that the candidate *is aggrieved* on account of fraud or mistake . . . ."[9] The statute was then amended to its current form in 1999.[10] These amendments demonstrate that the Legislature rejected the prior, more permissive standard in favor of a more stringent one imposing the added requirement that a candidate must allege that he or she *is aggrieved* by the fraud or mistake.

Additional textual clues support our construction. Recount procedures are also statutorily defined for elections in smaller jurisdictions within the state, such as counties, cities, and townships.[11] Like the prior versions of MCL 168.879(1)(b), MCL 168.862 provides that "[a] candidate for office *who believes he or she is aggrieved* on account of fraud or mistake in the canvass or returns of the votes by the election inspectors may petition for a recount . . . as provided in this chapter."[12]

In contrast to the current version of MCL 168.879(1), a candidate petitioning a local board of canvassers is not obligated to allege facts showing that he or she is aggrieved; it is enough to allege that one "believes" he or she is aggrieved. Therefore, in MCL 168.862 and MCL 168.865, enacted by the same public act as MCL 168.879(1),[13] the Legislature demonstrated its ability to dispense with the "aggrieved" pleading requirement. Had it intended to do the same for MCL 168.879(1), the Legislature clearly knew how to do so.[14] The different language it chose is a clear indication that the

---

[8] 1954 PA 116, § 879 (emphasis added). This more permissive standard had been present in this state's election law for almost 70 years. See 1887 PA 208 (allowing "any candidate voted for at any election, conceiving himself aggrieved on account of any fraud or mistake in the canvass of votes" to petition for a recount).

[9] 1980 PA 61, § 879 (emphasis added).

[10] 1999 PA 216.

[11] MCL 168.861 *et seq*.

[12] Emphasis added. There is no requirement in this subchapter, MCL 168.861 through MCL 168.877, that the candidate must allege that he or she is aggrieved. See MCL 168.865 ("Such petition shall be sworn to and shall set forth as near as may be the nature of the mistakes or frauds complained of and the city, ward, township, village and precinct in which they are alleged to have occurred, and shall ask for a correction thereof.").

[13] 1954 PA 116.

[14] See *People v Miller*, 498 Mich 13, 24-25 (2015).

Legislature intended for a candidate bringing a petition under MCL 168.879(1) to allege that he or she has been aggrieved on account of the alleged fraud or mistake.[15]

Having determined that a candidate must allege that fraud or mistake exists and that the alleged fraud or mistake caused the candidate to be aggrieved, the next question is the level of specificity with which those allegations must be pleaded.[16]  Are specific allegations required or may a candidate simply cut-and-paste the statutory language into the petition?  Once again, reading the statutory language in context provides the answer.  The Legislature has expressly permitted candidates petitioning for a recount under MCL 168.879(1) to allege fraud or mistake without specification.  Immediately following the requirement that the candidate must allege that he or she is aggrieved on account of fraud or mistake, MCL 168.879(1)(b) states:

> The petition shall contain specific allegations of wrongdoing only if evidence of that wrongdoing is available to the petitioner. If evidence of wrongdoing is not available, the petitioner is only required to allege fraud or a mistake in the petition without further specification.

This provision sets a very low bar—it allows bare allegations of fraud or mistake to suffice.[17]

---

[15] This is further corroborated by MCL 168.863, also enacted by 1954 PA 116, which broadly permits qualified and registered electors to petition for a recount concerning proposed amendments or other ballot questions without any allegation that they are aggrieved:

> A qualified and registered elector voting in a city, township, or village election *who believes there has been fraud or error committed* by the inspectors of election in its canvass or returns of the votes cast at the election, . . . *may petition for a recount of the votes cast . . . .*  [Emphasis added.]

[16] In court, pleadings must be specific enough to reasonably inform the adverse party of the nature of the claims at issue.  See *Weymers v Khera*, 454 Mich 639, 654 (1997); MCR 2.111(B)(1) (stating a pleading must contain "the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend").  Moreover, in court pleadings, "the circumstances constituting fraud or mistake must be stated with particularity."  MCR 2.112(B)(1).

[17] *Kennedy v Bd of State Canvassers*, 127 Mich App 493, 497 (1983).  Notably, however, while bare allegations can be sufficient under the statute, a candidate is still required to plead with greater specificity when possible.  See MCL 168.879(1)(f) ("The petition sets forth as nearly as possible the nature and character of the fraud or mistakes alleged and the counties, cities, or townships and the precincts in which they exist.").

Although the Legislature clearly intended to allow bare allegations to suffice with respect to fraud or mistake, it did not similarly lower the bar with respect to the requirement to allege that the candidate is aggrieved. Instead, the Legislature was silent on this point. "It is a familiar rule that inclusion by specific mention excludes what is not mentioned."[18] Because the Legislature relaxed the pleading standard with respect to fraud or mistake but not with respect to the "aggrieved" requirement, we may not read a relaxed pleading standard with respect to the latter into the statute.[19] Therefore, a candidate must include in the petition some allegation describing how he or she has been aggrieved.

In this case, although much ink has been spilled over petitioner's motivation for this recount and the resulting cost to the State, those considerations do not inform our analysis. Instead, "it is the actual language of a statute to which this Court must ultimately be faithful."[20] This Court has long recognized that "[t]he proceedings for a recount are purely statutory, and the statutory requirements must be observed."[21] Simply put, "[n]oncompliance with statutory requirements concerning recounts precludes a recount."[22]

The petition here states, "I and the undersigned members of my slate of electors, individually and collectively, are aggrieved on account of fraud or mistake in the canvass of votes . . . ." As the Court of Appeals recognized, petitioner "merely parroted the language of MCL 168.879(1)(b) in her petition."[23] Thus, petitioner failed to allege that she has been harmed or that her legal rights have been infringed in any way whatsoever. Because she has not done so, petitioner failed to satisfy the statutory requirement of alleging that she was aggrieved as required by MCL 168.879(1)(b).[24] Accordingly, the

---

[18] *Mich Wolverine Student Co-op, Inc v Wm Goodyear & Co*, 314 Mich 590, 599 (1946) (quotation marks and citation omitted).

[19] See *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210 (1993).

[20] *Stone v Williamson*, 482 Mich 144, 198 n 15 (2008) (MARKMAN, J., concurring).

[21] *Wheeler v Coleman*, 176 Mich 285, 288 (1913).

[22] *Ryan v Wayne Co Bd of Canvassers*, 396 Mich 213, 216 (1976).

[23] *Bd of State Canvassers*, ___ Mich App ___, ___; slip op at 6.

[24] The Court of Appeals concluded that petitioner was required to allege that she would have won the election but for fraud or mistake. A candidate's rights under Michigan law may be impacted by the outcome of an election short of a change in result. See, e.g., MCL 168.613a(2) ("A political party that received 5% or less of the total vote cast

Court of Appeals correctly concluded that "the Board had a clear legal duty to reject [the] petition."[25]  For these reasons, we concur with this Court's order denying leave to appeal.[26]

MARKMAN, J., joins the statement of ZAHRA and VIVIANO, JJ.


MCCORMACK, J. (*dissenting*).

I would order expedited oral argument on intervening defendant-appellant Jill Stein's application for leave to appeal.  The Court of Appeals, relying on our precedent,

---

nationwide for the office of president in the last presidential election shall not participate in the presidential primary election.").  But petitioner is not entitled to any relief here because she has not alleged that she is aggrieved in any way.

[25] *Bd of State Canvassers*, __ Mich App __, ___; slip op at 6.

[26] A federal court ordered a recount to commence, notwithstanding Michigan's statutory two-day waiting period.  *Stein v Thomas*, opinion and order of the United States District Court for the Eastern District of Michigan, issued December 5, 2016 (Case No. 16-cv-14233).  After the Court of Appeals found that petitioner was not an aggrieved party, the federal court dissolved its injunction, with the recount only partially completed.  In the federal proceeding, petitioner argued that the failure to continue the "recount amounts to maintaining a system of voting that denies Michigan voters the right to have their votes counted" in violation of the Equal Protection Clause, the Due Process Clause and the First Amendment to our United States Constitution.  The federal court rejected petitioner's claim, concluding she had "not presented evidence of tampering or mistake. Instead, [she] present[s] speculative claims going to the vulnerability of the voting machinery—but not actual injury."  *Stein v Thomas*, order of the United States District Court for the Eastern District of Michigan, entered December 7, 2016 (Case No. 16-cv-14233), p 7.  The federal court concluded, "invoking a court's aid to remedy [this] problem in the manner [petitioner has] chosen—seeking a recount as an audit of the election to test whether the vulnerability led to actual compromise of the voting system—has never been endorsed by any court, and would require, at a minimum, evidence of significant fraud or mistake—and not speculative fear of them.  Such evidence has not been presented here."  *Id.*

Despite these rulings, petitioner continues to allege in this Court that the "[s]topping [of] the recount at this point will actually *decrease* public confidence in our election system . . . ."  We respectfully disagree.  Petitioner lost an election by more than 2.2 million votes and then waited several weeks to request a statewide recount without any allegation—much less evidence—that there was fraud or mistake in the vote counting process.  Petitioner has now had her day in several courts with appellate review.  The electors of this state should be permitted to carry out their constitutional and statutory duties.  See generally US Const, art II, § 1; 3 USC 7; MCL 168.47.

has ruled that her petition for a recount does not satisfy the requirements of MCL 168.879(1)(b) because she is not an "aggrieved" candidate under the statute. That is not so clear. The Court of Appeals relied on dictionary definitions and our precedents defining who constitutes an "aggrieved party," but I question the applicability of those precedents to this case given the statutory language. MCL 168.879(1)(b) provides some of the requirements that a petition for a recount must meet:

> The petition alleges that the candidate is aggrieved on account of fraud or mistake in the canvass of the votes by the inspectors of election or the returns made by the inspectors, or by a board of county canvassers or the board of state canvassers. The petition shall contain specific allegations of wrongdoing only if evidence of that wrongdoing is available to the petitioner. If evidence of wrongdoing is not available, the petitioner is only required to allege fraud or a mistake in the petition without further specification.

The statute thus establishes that if evidence of "wrongdoing," i.e. "fraud or mistake" is not available, the petitioner need only allege fraud or mistake in the canvass of the votes "without further specification." The requirement that the candidate be "aggrieved" is specifically connected to the "fraud or mistake" component: the candidate's aggrieved status is "on account of fraud or mistake in the canvass of the votes . . . ."

Given the link between the petitioner's aggrieved status and the fraud or mistake and the lowered standard for alleging fraud or a mistake when evidence thereof is not available, I question the Court of Appeals' reliance on our precedent from other contexts defining who is an "aggrieved party." The statute seems to provide its own definition: an "aggrieved" candidate is one who "alleges" she or he is aggrieved "on account of fraud or mistake" in the canvass. If evidence of wrongdoing in the canvass is not available, the petitioner may allege fraud or a mistake in the canvass "without further specification." I find it significant that the Legislature not only included a lesser requirement for showing evidence of fraud or mistake when evidence of wrongdoing is not available, but also required only that the petition "allege[]" that the candidate is aggrieved, not that she or he show, establish, or prove that the candidate is aggrieved. In light of these textual clues, I am inclined to think that appellant's reading that the petition need only allege that the candidate is aggrieved and nothing more might be correct. Because the Court of Appeals' conclusion to the contrary is at least questionable, I would order expedited oral argument to further review the matter.

I also question whether the Court of Appeals' analysis effectively negates the statutory recount procedure. It seems possible to me that applying the definition of "aggrieved party" from our precedents in other contexts to the administrative recount process outlined in MCL 168.879(1)(b) might result in a scenario in which arguably *no*

candidate could show he or she was aggrieved. Given that no one has contended throughout this process that a recount was likely to change the ultimate result, it is questionable whether any candidate in this historically tight election could demonstrate a concrete and particularized injury in order to satisfy a heightened "aggrieved" requirement. But surely the Legislature has not enacted a recount process no candidate could satisfy.[27]

Finally, the appellant's application raises significant questions about the workability of the standard set by the Court of Appeals for whether a candidate is aggrieved under MCL 168.879(1)(b). The Court of Appeals held that "to meet the 'aggrieved' candidate requirement under [MCL 168.879(1)(b)], the candidate must be able to allege a good faith belief that but for mistake or fraud, the candidate would have had a reasonable chance of winning the election." *Attorney General v Bd of State Canvassers*, ___ Mich App ___, ___ (2016) (Docket Nos. 335947 and 335958), slip op at 5. What this means is far from clear. What does it mean to have had a "good faith belief" that the candidate "would have had a reasonable chance of winning the election"? What is the proper quantification of "a reasonable chance"? These are questions not answered in this case simply because the Court of Appeals has said, "no change in the vote totals is reasonably likely to change the previously announced result in Dr. Stein's favor." *Id*. at ___; slip op at 6. That observation offers sorely little guidance, however, for future cases in which a candidate has a slightly more "good faith" belief that there is a "reasonable chance" that she or he won the election. Given that there is another at least equally reasonable way to read the statutory language that provides no such uncertainty about its application, I believe we owe the public more than what the Court of Appeals has provided here. The rule of law requires predictable, reliable standards.

The stakes in this case may be low, but the public significance of the issues presented could not be higher. I respectfully dissent and would order expedited oral argument on the application to give this Court an opportunity to consider the important legal questions implicated here.

BERNSTEIN, J., joins the statement of MCCORMACK, J., in part.

BERNSTEIN, J. (*dissenting*).

---

[27] In light of the fact that the recount provision in MCL 168.879 has existed in various forms since 1913, including the proviso that a candidate requesting a recount is charged a per precinct (previously per county) fee for such a recount, it is reasonable to surmise that the Legislature might have thought that fee a sufficient means to prevent frivolous requests for recounts. The Legislature has over time increased the per precinct cost assessed to initiate recounts. See MCL 168.881.

I concur with Justice MCCORMACK's concerns about the Court of Appeals' interpretation of MCL 168.879(1)(b), but I would reverse the Court of Appeals rather than order expedited oral argument, because I believe that the Court of Appeals clearly erred. I write to further explain why I believe that appellant Jill Stein has met the statutory requirements for a recount. MCL 168.879(1)(b) states that a candidate for office, like appellant, may petition for a recount if:

> The petition alleges that the candidate is aggrieved on account of fraud or mistake in the canvass of the votes by the inspectors of election or the returns made by the inspectors, or by a board of county canvassers or the board of state canvassers. The petition shall contain specific allegations of wrongdoing only if evidence of that wrongdoing is available to the petitioner. If evidence of wrongdoing is not available, the petitioner is only required to allege fraud or a mistake in the petition without further specification.

I agree with Justice MCCORMACK that, when read in context, the word "aggrieved" is undeniably modified by language immediately following it: "on account of fraud or mistake." A plain language reading of the statute suggests that the first sentence of this statute only presents *one* requirement: that the petition *allege* that the candidate is aggrieved *by virtue of* the existence of fraud or mistake. The statute does *not* require a petition to allege both: (1) that the candidate is aggrieved; and (2) that there is fraud or mistake.

The Court of Appeals erred by holding that the statute contains those requirements and compounded that error by reading language into the "aggrieved" requirement that cannot be found in the statute itself. "The foremost rule, and our primary task in construing a statute, is to discern and give effect to the intent of the Legislature." *Sun Valley Foods Co v Ward*, 460 Mich 230, 236 (1999). The most reliable evidence of the Legislature's intent is the language of the statute. *Id.* The Court of Appeals states that, to be aggrieved, "the candidate must be able to allege a good faith belief that but for mistake or fraud, the candidate would have had a reasonable chance of winning the election." *Attorney General v Bd of State Canvassers*, ___ Mich App ___, ___ (2016) (Docket Nos. 335947 and 335958), slip op at 5. Nowhere in the statute does the Legislature indicate that: (1) the candidate must have a good faith belief; (2) "but for" causation is required; and (3) the candidate would have had a "reasonable" chance of winning the election. Regarding this last requirement, I would note that MCL 168.879(1)(b) does not require that an election be particularly close in order for a candidate to request a recount.[28]

---

[28] Had the Legislature intended to allow only the most popular candidates to request a recount, it could have easily made that clear in the statute. For instance, the Legislature could have stated that only a candidate who receives a certain percentage of the popular vote may petition for a recount. Or, alternatively, that only candidates within a certain margin of victory may request a recount. The Legislature did none of this. Indeed, the

Indeed, I believe that such a requirement could render nugatory MCL 168.880a(1), which provides for an automatic recount when there is a vote differential of 2,000 votes or less. Because "[c]ourts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory," *State Farm Fire and Cas Co v Old Republic Ins Co*, 466 Mich 142, 146 (2002), I would prefer a construction of the statute that would avoid rendering MCL 168.880a(1) needless surplusage. More generally, I see no reason for the Court of Appeals to read in three requirements that the Legislature did not see fit to include in the text of the statute.

Moreover, I would hold that appellant's petition meets the requirements of MCL 168.879(1)(b). The statute states that "[i]f evidence of wrongdoing is not available, the petitioner is only required to allege fraud or a mistake in the petition without further specification." MCL 168.879(1)(b). Appellant's petition meets this standard by generally alleging fraud or mistake in the canvass of the votes. Because I would hold that a petition sufficiently alleges that a candidate is aggrieved *because* of the presence of fraud or mistake, appellant does not need to make a more specific showing as to whether she is aggrieved.

Nonetheless, even if the statute does require that a petition allege both that a candidate is aggrieved and that there is fraud or mistake, I would hold that appellant has met that burden. MCL 168.879(1)(b) leaves the term "aggrieved" undefined. In such a situation, we consult a dictionary to give statutory words their ordinary and common meaning. See *People v Thompson*, 477 Mich 146, 153 (2007). Aggrieved can be defined as "suffering from an infringement or denial of legal rights." *Merriam-Webster's Collegiate Dictionary* (11th ed). The Court of Appeals' conclusion that a candidate is "aggrieved" only when the mistake or fraud alleged is outcome determinative is inconsistent with the text of the statute and the practical reality of our political system. Appellant argues that she has a right to have her supporters register their votes for her, and that those votes be accurately counted.[29] In an election contest, any loss of votes is a wrong in itself, given the central importance of elections in our representative

---

Court of Appeals' interpretation would seem to permit blatant fraud to be committed against a minor candidate, who would have no recourse if they stood an improbable chance of winning outright.

[29] "It's not the voting that's democracy, it's the counting[.]" Stoppard, *Jumpers* (New York: Grove Press, 1972), p 35.

democracy.[30]  Indeed, our election laws must be construed "as far as possible in a way which prevents the disenfranchisement of voters through the fraud or mistake of others." *Kennedy v Bd of State Canvassers*, 127 Mich App 493, 496-497 (1983).

Additionally, the number of votes a candidate receives has a wide effect outside of that particular election.  In Michigan, "[a] political party that received 5% or less of the total vote cast nationwide for the office of president in the last presidential election shall not participate in the presidential primary election."  MCL 168.613a(2).  And "the right to be on the election ballot is precisely what separates a political party from any other interest group."  *Timmons v Twin Cities Area New Party*, 520 US 351, 373 (1997) (Stevens, J., dissenting).  Furthermore, under federal election laws, a candidate is eligible for partial public funding based on election performance.  See 26 USC 9002 *et seq*.  Therefore, even a candidate who is unlikely to win an election has significant legal and financial interest in ensuring that the total vote count is accurate and may be aggrieved by any error in the canvass of the votes.  Although appellant does not argue that her party's ability to appear on the ballot for the next presidential primary election is threatened or would change based on the recount, these factors cast further doubt on the Court of Appeals' holding that a candidate must have a reasonable chance of *winning* an election in order to petition for a recount.

Accordingly, I would find that the Court of Appeals erred in interpreting MCL 168.879(1)(b). Because the word "aggrieved" is modified by the phrase "on account of fraud or mistake," I would find that an allegation of fraud or mistake is a sufficient showing for a candidate to be considered aggrieved.  Moreover, the Court of Appeals' interpretation of the word "aggrieved" finds no basis in the plain language of the statute and violates our primary objective to give effect to the intent of the Legislature.  I would reverse the Court of Appeals and allow the recount to resume.

YOUNG, C.J., and LARSEN, J., not participating.

---

[30] "A share in the sovereignty of the state, which is exercised by the citizens at large, in voting at elections is one of the most important rights of the subject, and in a republic ought to stand foremost in the estimation of the law." Hamilton, *Second Letter from Phocion* (April 1784), as published in *The Papers of Alexander Hamilton Volume III: 1782-1786*, Syrett & Cooke, eds (New York: Columbia University Press, 1962), pp 544-545.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 9, 2016



t1209

Clerk